## WETMORE v. HEGEMAN.

*N. Y. Supreme Court, First Department; Chambers, December, 1877.*

EXAMINATION OF PARTY BEFORE TRIAL.—SUSPENDED IN CASE OF DOUBTFUL NECESSITY.

The court will stay an examination, under order for the examination of a party before trial (Code of Civ. Pro. §§ 870–875) pending other proceedings, which may result in dispensing with the necessity of the examination.

Thus, where defendant obtained an order for examination of the plaintiff, to enable him to prepare his answer to a supplemental complaint, and also appealed from the order allowing plaintiff to serve such complaint, and obtained a stay on the appeal,—*Held*, that the examination should be suspended.

Motion by defendant to examine plaintiff before trial.

George C. Wetmore, as assignee of Freeman Campbell, deceased, moved against B. A. Hegeman, executor, &c., for leave to file a supplemental complaint, for the purpose of establishing, by virtue of an alleged assignment to Wetmore, his right to be substituted as the plaintiff, in order to perfect a judgment upon a referee's report, made several years ago in favor of Freeman Campbell, in an action wherein the latter was plaintiff, and B. A. Hegeman, executor, above named, was defendant.

On June 14, 1877, an order was granted continuing the action in the name of the said George C. Wetmore, as plaintiff, and leave was granted him to make a supplemental complaint, setting forth the facts on which he sought to have it adjudged that he was entitled to enter judgment on the report of the referee, theretofore made.

In accordance with said order the supplemental

complaint was duly made and served by said plaintiff, and on August 23, 1877, defendant served an answer to said supplemental complaint, and on September 8, 1877, an amended answer. On September 28, 1877, the plaintiff served an amended and supplemental complaint on the defendant; but the latter refusing to accept the same, an order was obtained directing him to do so, and also that he answer said amended supplemental complaint within twenty days. The defendant appealed from this order to the general term, and obtained an *ex parte* order granting a stay of proceedings pending said appeal.

On November 24, 1877, and while the appeal was still pending, the defendant obtained an order to examine the plaintiff before trial to enable him to properly prepare his answer.

The plaintiff opposed this on the ground that if the defendant intended to answer, he must abandon the appeal, and if he intended to prosecute the appeal, the proposed answer was premature and unnecessary, and it was unnecessary to examine the plaintiff for that purpose.

*John Notman (Thcrasson & Bryan,* attorneys), for plaintiff.

*Rezin A. Wright,* for defendant.

LAWRENCE, J.—It appearing that the defendant has appealed from the order allowing the plaintiff to serve a supplemental complaint, and has obtained a stay on such appeal, I am of the opinion that the examination of the plaintiff, which is stated in the defendant's affidavit to be necessary to enable the defendant to prepare his answer, ought to be deferred or stayed until the hearing of such appeal. If, on the hearing of the appeal, the order should be reversed, the defendant will not be obliged to serve another answer, as he has already answered the original complaint. The ex-

amination will therefore be suspended until the appeal has been heard. If the appeal is withdrawn, the examination will proceed.