# PRACTICE REPORTS.

## SUPREME COURT.

In the Application of ANDREW F. PAULMIER agt. JOHN A. SWEENY and WILLIAM H. SWEENY.

*Examination of parties before suit brought— Code of Civil Procedure § 870*

The eight hundred and seventieth section of the Code of Civil Procedure does not provide for the examination of parties before suit brought, on application of a party merely stating that he expected to bring an action against them, and that such an examination was necessary in order to frame a complaint in the action which he contemplated.

This section only provides for the examination of an expected party when *he himself* applies for it, and not for the examination of a party not yet sued, at the instance of another, who contemplates a suit against the former.

*Special Term, October,* 1878.

MOTION by the Messrs. Sweeny to set aside an order for their examination, obtained by Paulmier, before suit brought.

*Amos G. Hull,* for motion.

*Elliott F. Shepard,* opposed.

WESTBROOK, *J.* — An order was made to examine John A. Sweeny and William H. Sweeny, upon the application of Andrew F. Paulmier, he stating that he expected to bring an action against them, and that such an examination was necessary in order to frame a complaint in the action which he contemplated. The question which the motion presents is,

Paulmier agt. Sweeny.

does the eight hundred and seventieth section of the Code provide for such an examination?

As amended by chapter 299 of the Laws of 1878, the section (870) of the Code, to which reference has been made, reads as follows : " The deposition of a party to an action pending in a court of record, or of a person who expects to be a party to an action about to be brought in such a court, other than a court specified in subdivisions sixteenth, seventeenth, eighteenth, or nineteenth of section 2 of this act, may be taken, at his own instance or at the instance of an adverse party or of a coplaintiff or codefendant, at any time before the trial, as prescribed in this article." It will be observed that provision is made to examine two classes of individuals, and no others. He who is ordered to be examined must be either " a party to an action," or " a person who expects to be a party to an action." If he belongs to either class, he may be so examined " at his own instance or at the instance of an adverse party or of a coplaintiff or codefendant." As no action is pending between these parties, the applicant for the order was required to prove that each of the individuals ordered to be examined was " a person who expects to be a party to an action." This was not attempted to be shown, but the allegation is that the applicant for the order expects to sue them. Giving, then, to the Code the meaning claimed for it by the counsel who seeks to uphold the order, that provision has been made to examine a person who some one expects to sue, and that such examination can be had at the instance of the intended prosecutor, the objection still remains that the section provides that if the individual to be examined is not " a party to an action " he must be " a person who expects to be a party to an action about to be brought," and that the affidavit upon which the order for the present examination was obtained makes no attempt to show, because it is nowhere therein alleged or claimed that the parties to be examined have any such expectation. It is manifest, however, as an expectation entertained by an individual can only be proven

Paulmier agt. Sweeny.

by himself, that provision is only made for the examination of an expected party when he himself applies for it, and not for the examination of a party not yet sued, at the instance of another, who contemplates a suit against the former. Neither is the expression "adverse party" at whose instance the order for examination must be procured, when not obtained by one for the purpose of taking his own evidence, especially when it is followed by the words "coplaintiff or codefendant." which are clearly indicative of its meaning, applicable to an individual not yet "a party to an action." Possibly, depending upon its connection, it might sometimes have such a signification; but in the section under consideration as the word "party" is previously used to designate an individual already connected as such with a pending suit, whilst the one not so circumstanced is styled a "person," it is evident that it is used in its technical legal sense to designate him who is the "adverse party" to the "party in an action."

The views expressed, which are founded upon the words used, are strengthened by the absence of any language directly covering a case like the present, and also from the consequences flowing from a contrary construction. If provision was intended to be made for the examination of a person who some one else expected to sue, it was easy to say so clearly, by declaring that such examination could be had at the instance of an expected adverse party, as well as at the instance of one who already actually was "an adverse party." The addition of the simple words we have suggested, preceded by the conjunction or, would probably have accomplished the object, though it might be difficult for one man to prove that another expected to be prosecuted, which the language would still require, and the whole section would thereby be made awkward. The framer, it is to be presumed, understood this as well as the court. Had those words been added, or any clearly providing for an examination in a case like the present, he knew that individuals might be subjected to great annoyance and expense by examination at the instance of persons who

Paulmier agt. Sweeny.

really did not know whether they would bring a suit or not, or that the person sought to be examined expected one to be brought, but who would, nevertheless, so torture their desires and hopes, to find out the materials for an action by the examination, as to make a sworn declaration which would bring them within the provisions of the statute.

Such inquisitorial power we cannot think was intended to be conferred, and if it was, it should have been so clearly expressed and declared as to leave no room for criticism.

The motion to set aside the order of examination is granted, without costs, as the question is novel, and the court by granting the original order fell into the error now corrected.