# SUPREME COURT

OF THE

## STATE OF NEW YORK,

### AT GENERAL TERM,

NOT REPORTED IN FULL IN THE REGULAR SERIES OF REPORTS, FROM
MARCH 1889, WITH ANNOTATIONS.

HARRY FLUCHTWANGER *et al.*, Respondents, *against* LEO C.
DESSAR *et al.*, Appellants.

*N. Y. Supreme Court, First Department, General Term; March 29th,* 1889.

1. *Examination before trial.*—An order for the examination of plaintiff
   before trial will be set aside, when the evidence sought is not neces-
   sary for the protection of defendant's rights, but it is, in substance,
   an effort to obtain the plaintiff's proof of his case before trial, and
   the defense is set up positively as of defendent's own knowledge.
   See Note 1 at the end of this case.
2. *Same. Affidavit.*—A party, before he can be permitted to obtain the
   evidence of his adversary before trial, should present an affidavit
   which alleges positively, and not argumentatively and inferentially,
   the facts going to show the necessity of such examination.

The special term granted an order dismissing the proceed-
ings under an order for the examination of the plaintiffs be-
before trial, and from the order defendant appeals.

MACOMBER, J.—The action is brought to recover a balance
claimed to be due the plaintiffs on account of purchases and
sales by them of stocks and bonds by the defendant.

The answer alleged that the transactions between the par-
ties were only colorable and speculative, and not real; that
no securities were in fact to be bought and sold, and that the
transactions were void under the statute against gaming. It
also pleads usury, fraud and false representation.

The learned judge at special term set aside the order for
the examination of the plaintiffs as witnesses, upon the
ground, mainly, that the evidence sought was not necessary
for the protection of the defendants' rights; that it was, in
substance, an effort to obtain plaintiffs' proof of their case
before trial, and that the agreements relied upon for the de-

fense are set up positively in the answer as of the defendants,
own knowledge.  Another objection which might be stated
is, that the affidavit upon which the examination was sought
was not of the character required by the Code of Civil Pro-
cedure (§ 872), before such examination can properly be had.
The affidavit is argumentative.  It asserts that the testimony
of the plaintiffs is material and necessary for the reason,
etc.  *  *  *  "That the said plaintiffs acting as they
claim, as the agents of this deponent."  "And the said
plaintiffs also alone knowing and the only persons known to
this deponent, etc., who can testify."

Before a party can be permitted to obtain the evidence of
his adversary before trial, he should present an affidavit
which alleges positively, and not argumentatively and infer-
entially the facts going to show the necessity of such exami-
nation.

For this and for the reasons stated by the judge at special
term, the order should be affirmed with ten dollars costs and
disbursements.

VAN BRUNT, Ch. J., and BRADY, J., concur.

[*Note* 1.]

NOTE ON EXAMINATION OF PARTIES BEFORE TRIAL.

In the investigation of this topic, all reference to the examination of
witnesses, other than parties, before trial, has been avoided, and nothing
will be said in regard to conducting the examination of the party before
the judge or referee.

The real party in interest, if not a party of record in the action, can
not be examined as a party under the provisions of the present Code.

A party of unsound mind will not be required to submit to such ex-
amination, and an order for that purpose will be refused.

It was at first doubted whether an order could be granted for the ex-
amination of a party, in order to enable the plaintiff to frame his com-
plaint and the defendant to frame his answer; but it is now definitely
settled that the Code authorizes the granting of an order for this pur-
pose.

And such order may be granted for the purpose of enabling a party to
urfnish a bill of particulars on the demand of his adversary.

Such examination is a substitute for the former bill of discovery, and is governed by the rules formerly prevailing except as otherwise provided by the Code.

A party will not be allowed to compel an adversary to disclose the evidence which relates exclusively to establishing his counterclaim or general denial or other defense, or to ascertain the facts as to which he will testify, but the examination will be confined to such facts as tend to prove the applicant's cause of action. But the court of appeals has lately held that a judge may, in his discretion, permit a general examination of the adverse party as a witness in the cause, and need not, as of course, limit it to an affirmative cause of action or defense.

It was formerly held that, according to the weight of authority, the rule under the present Code was, that where the affidavit contains all the matters required by section 872 and rule 83, the judge had no discretion, and the party had an absolute right to the order. But the later cases lean to the contrary rule, that the order is in the discretion of the judge to whom the application is made, subject to review on a motion to vacate.

The application must be made to a judge, and not the court at special term. In an action pending in supreme court, a supreme court judge, a county judge or a special county judge, of the county in which the venue is laid, and even the recorder of a city, may grant such order.

Before the amendment of 1884 to Section 873 of the Code, the examination of a party could only be had before the judge who granted the order, but since such amendment it may be taken either before such judge, or a referee duly appointed in the order for this purpose.

The party is not exempted from such examination by a denial in the pleading of the matter sought to be obtained thereby, nor by a denial of such matter or of any knowledge thereof in the affidavits used on an application to vacate the order, nor by an offer of an examination of his books, nor by the fact that the examination may be extended beyond necessary and proper matters of investigation.

Before the amendment of 1878 to section 870 of the Code, it was held that a party could not be examined conditionally under section 872 at his own instance, but since then such examination may be had on showing, in addition to the ground specified in subdivision 5 of section 872, its materiality and necessity.

The granting of an order for the examination of a person before suit brought, may be based upon the application of a person who is about to bring such action, to examine the expected defendant, though it was at first held to be allowable only in case of the examination of a party when he himself applied for it.

Where a corporation is a party to the suit, an order for the examina-

tion of its officers may be obtained, under subdivision 7 of section 872 of the Code.

The affidavit, upon which the application is made, must allege the facts positively, and not argumentatively and inferentially. It may be made by an attorney, but not on information and belief without assigning a reason why it is not made by some one who has positive knowledge of the facts.

The affidavit for the examination of a party before trial in a pending action should contain:

1. The names and residences of all the parties to the action; and if the residence of any party is unknown, an attempt and failure to ascertain it must be stated.

2. If any of the parties have appeared in the action, the name and residence, or office of their attorney; and it must show whether it is the residence or office address.

3. The nature of the action pending.

4. The substance of the judgment demanded.

5. The nature of the defense, if the application is made by the defendant before answer, or by either party after answer.

6. The name and residence of the person to be examined.

7. The materiality and necessity of the testimony of the person to be examined for the party making such application, or the prosecution or defense of such action.

8. And at the option of the applicant, the place where he is sojourning or where he regularly transacts business.

9. Any other fact necessary to show that the case comes within section 870 of the Code.

10. If the party sought to be examined is a corporation, the affidavit shall state the name of the officers or directors thereof, or any of them, whose testimony is necessary and material, or the books and papers as to the contents of which an examination or inspection is desired.

11. And it is best that an intention to use the deposition at the trial should be shown in the affidavit, when the application is made, either before or after issue joined, unless the object is to frame a pleading.

12. If less than five days' notice is desired, the affidavit should show the special circumstances, which make the different time of service necessary.

13. When the application is made *ex parte*, the affidavit must conform to rule 25 of the supreme court, and show whether any previous application has been made for the order, and what, if any.

14. The papers should be folioed and indorsed in conformity with rules 2 and 19.

15. Where the application is made before answer, the defendant

should serve and file an affidavit of merits, or show that it has been done.

If no action is pending, the affidavit for the examination of a party before trial must contain:

1. The names and residences of the expected parties.

2. The nature of the controversy which is expected to be the subject thereof.

3. That the person expected to be the adverse party is of full age, and a resident of the State, or sojourning therein; or that he has an office within the state, where he regularly transacts business in person, specifying the place, and if in a city, the street and number, or other designation of the particular locality, and if two or more persons are expected to be adverse parties, the same facts as to each.

4. The circumstances which render it necessary for the protection of the applicant's rights, that the witness' testimony should be perpetuated.

5. Any other facts necessary to show that the case comes with section 871 of the Code.

6. If the party sought to be examined is a corporation, the affidavit shall state the name of the officers or directors, or any of them, whose testimony is necessary and material, or the books and papers as to the contents of which an examination or inspection is desired.

7. And it is best that an intention to use the deposition at the trial should be shown in the affidavit, unless the object is to frame a pleading.

8. If less than five days' notice is desired, the affidavit should show the special circumstances, which make the different time of service necessary.

9. When the application is made ex parte, the affidavit must conform to rule 25 of the supreme court, and show whether any previous application has been made for the order, and what, if any.

10. The papers should be folioed and indorsed in conformity with rules 2 and 19.

11. Where the application is made before answer, the defendant should serve and file an affidavit of merits, or show that it has been done.

A copy of the order, and of the affidavit upon which it was granted, must be served in accordance with the requirements of section 875 of the Code; and they should also be served personally upon the party to be examined, otherwise no proceedings can be taken to enforce obedience to the order. Witness' fees should also, at the time of the service of the papers, be paid to the party required to attend.

The party to be examined, if he resides within the state, cannot be required to attend for this purpose in any county other than the

one in which he resides, or has an office for the regular transaction of business in person.

Where the only matters, upon which the examination is sought, are privileged, the order will be refused, but where any testimony material to the case may be given which is not privileged, the examination may be had, and the party left to assert his privilege not to answer.

The officers of a defendant corporation may, on such examination, be compelled to produce such books and papers of the corporation as will aid them in giving their testimony, but such production must be directed in the order for the examination of such officers. Such order does not entitle the adverse party to a discovery of their contents, nor to inspect or examine them, nor to conduct the examination of the officer, whose deposition is to be taken, with respect to them, differently from the established rules and practice applicable to the examination of a party or witness at the trial.

The provisions for the examination of a party before trial are found in sections 870 to 886 of the Code, inclusive. Section 870 reads as follows:

Section 870. The deposition of a party to an action pending in a court of record, or of a person who expects to be a party to an action about to be brought in such a court, other than a court specified in subdivision sixteenth, seventeenth, eighteenth or nineteenth of section two of this act, may be taken, at his own instance, or at the instance of an adverse party or of a co-plaintiff or co-defendant, at any time before the trial, as prescribed in this article.

Where no action is pending, it was held in Matter of Bryan, 3 Abb. N. C. 289, that the papers should be entitled " In Re," or " In the Matter of the application of," etc.

It was held in Montague *v.* Worstell, 4 Abb. N. C. 248, that the statutory provision, relating to the examination of a party before trial for the purpose of perpetuating his testimony was expressly repealed by section 3, chap. 417, Laws of 1877, and that the case is not embraced in any provision of the present Code (section 872, subd. 5), because the person to be examined was a party to the action. This decision was rendered prior to the amendment of 1878 to section 870 of the Code.

It was held in Sharp *v.* Hutchinson, 14 W. Dig. 87 ; 48 N. Y. Supr. 101, that a party defendant, who fails to answer, ceases to be a party to the contest between the plaintiff and his co-defendant, and his examination can only be taken like that of other witnesses, for special and sufficient cause.

Where in an action against several defendants, one of whom, a national bank, after appearing by an attorney, failed to serve any answer, it was held in N. Y., L. E. & W. R. R. Co. *v.* Carhart, 36 Hun, 288, that an order for the examination of the bank, or its officers,

under section 873 of the Code may be granted, and the court refused to follow Sharp v. Hutchinson, ante.

The defendant in Turner v. Kinghorn, 5 Abb. N. C. 157, note, waited until his case was placed upon the day calendar for trial, before applying for an order to examine the plaintiff, and it was held that such order, unless satisfactory reasons explaining the cause of the delay were given in the affidavit therefor, will be vacated, on the ground that the party applying for the order has been guilty of laches.

An order for the examination of defendant before trial was vacated in Fischer v. Fischer, 50 N. Y. Super. 74, where it appeared that the court had no jurisdiction of the subject-matter of the action, though it was intimated that it might not be proper to do so, if the objection was that the complaint did not state facts sufficient to constitute a cause of action of which, if properly stated, the court would have had jurisdiction.

Where the action was prosecuted or defended for the immediate interest of a person not a party of record, he could in equity, and under the former Code, be examined as though he was a party. But the present Code has abrogated this provision, and under it only parties to the action can be so examined.

The insanity of a party is ground for refusing to order examination before trial. Mason v. Libbey, 1 Abb. N. C. 137.

The application to examine a defendant against whom an inquisition of lunacy had been found was denied in Corbett v. Rice, N. Y. Super. Ct. December, 1879, and it was held that he was exempt from examination.

*Substitute for discovery.*—The examination of an adverse party before trial will be ordered only where a discovery might have been had in equity under the former practice. Frazier v. Davids, 1 How. N. S. 490.

The examination of an adverse party before trial is a substitute for a bill of discovery, and is governed by the rules formerly prevailing, except as otherwise provided by the Code. Adams v. Cavanaugh, 37 Hun, 232; Kinney v. Roberts, 26 Id. 166; De Leon v. De Lima, 66 How. 287; Greer v. Allen, 15 Hun, 432.

The examination of an adverse party before trial provided for by section 391 of the former Code, is a substitute for the former remedy by bill of discovery, which was abolished by this chapter of said Code, and this substituted remedy may be had where a bill of discovery would previously have been sustained. Phœnix v. Dupuy, 2 Abb. N. C. 146; Carr v. G. W. Ins. Co., 3 Daly, 160; King v. Leighton, 58 N. Y. 383; Glenny v. Stedwell, 1 Abb. N. C. 327, 332, note; ante; Wiggin v. Gans, 4 Sandf. 647.

The new Code differs somewhat from the former one upon the subject of the examination before trial in matters of detail, and section 389 of the latter Code, which made the mode therein provided for the

examination of a party exclusive, is now obsolete. But the provisions of the two Codes, in respect to the examination of a party, are alike in substance, and the method of the new Code, like that of its predecessor, is a substitute for the old remedy by bill of discovery, and is subject to the rules by which that remedy was governed, except as otherwise provided by the statute. Kinney *v.* Roberts & Co., *ante.*

*Object of examination.*—An order for the examination of plaintiff was refused in Gilbert *v.* Third Ave. R. R. Co., 49 N. Y. Super. 129, on the ground that it appeared from the affidavit that the object was to obtain information to enable defendant to prepare for trial, and not to procure testimony to be used upon the trial.

In Morgan *v.* Whittaker, 14 Abb. N. S. 127, it was held that a party cannot be compelled to submit to examination before issue, under sections 390 and 391 of the former Code. And in Winston *v.* English, Id. 119, the court, under the same code and rule 21 of the supreme court as amended in 1870, was held to have power to require a party to submit to an examination, even before service of any pleading; but that this power should not be exercised at any time before issue, unless the applicant shows it to be necessary to enable him to prepare his pleading. But the supreme court at special term, in Havemeyer *v.* Ingersoll, 12 Id. 127, held that the court had power to order an examination before issue, and in that case ordered the examination at the instance of the plaintiff, to enable him to prepare his complaint. See also Hadley *v.* Fowler, Id. 244.

The provisions of the Code, relating to the examination of parties before trial, authorize a plaintiff to examine a defendant, to enable him to frame his complaint. Churchman *v.* Merritt, 51 Hun, 375; Glenney *v.* Stedwell, 64 N. Y. 120.

The power to direct an examination of an adverse party before trial may be exercised to enable a party to prepare his pleading as well as to furnish evidence on the trial, and such has been the practice by certain prescribed methods from an early day by way of discovery for that purpose. Ball *v.* Evening Post Pub. Co., 48 Hun, 149; Glenney *v.* Stedwell, *ante;* O'Reilly *v.* W. T. U. Co., 12 Hun, 124; Brisbane *v.* Brisbane, 20 Id. 48; Sprague *v.* Butterworth, 22 Id. 502; Winston *v.* English, 44 How. 498. And it is within the power of the court, in the proper exercise of its discretion, to grant an order for the examination of a party to enable the other party to an action to furnish a required bill of particulars, within the rule of practice which permits such discovery to enable a party to prepare his pleading. Ball *v.* Evening Post Pub. Co., *ante.* But is only allowable in cases of necessity. Id.

In Glenny *v.* Stedwell, *ante,* decided under section 391 of the former Code, it was held that a plaintiff in a pending action may examine the adverse party on oath, before the service upon him of a com-

plaint, for the purpose of obtaining facts on which to frame a complaint.

In O'Reilly v. W. U. T. Co., ante, also under the former Code, the affidavit showed that the plaintiff had a probable cause of action in the case, and that the examination of the defendant was necessary to enable her to obtain the requisite information to frame her complaint, and this, though not within the terms of Supreme Court Rule 25, was held to be sufficient to entitle her to the order.

So, under the present Code, in Brisbane v. Brisbane, ante, it was held that the plaintiff is entitled to examine the defendant for the purpose of obtaining facts necessary to enable him to frame his complaint, and that, in such case, the affidavit need not state that the plaintiff intends to use the deposition upon the trial of the action.

And in Hutchinson v. Lawrence, 29 Hun, 450 ; 3 N. Y. C. P., 98, it was stated that the doctrine that an examination of the defendant before trial to enable the plaintiff to frame his complaint in the action, may be had under section 872 of the Code, is in effect settled by the case of Glenny v. Stedwell, ante.

An examination of part of the defendants in an action before trial may be had to enable a plaintiff to prepare his complaint. Tucker v. Mather, 23 W. Dig., 455 ; Burt v. Oneida Community, ante.

It was held, in Matter of Gallagher, N. Y. Daily Reg. April 1, 1884, that a person, unless a party to an action, cannot be examined before trial for the purpose of enabling the plaintiff to frame his complaint. See Seeley v. Clark, 78 N. Y., 220.

It was decided in the New York Superior Court, Matter of Bryan, 3 Abb. N. C., 289, that no one but a party to the action can be examined for the purpose of enabling a plaintiff to frame his complaint. Since that time subdivision 5 of section 872 of the Code has been amended by the insertion of the words " or that any other special circumstances exist which render it proper that he should be examined as prescribed in this article." In Knowlton v. Bannigan, 11 Abb. N. C., 419 ; 2 N. Y. C. P. 317, a case decided since the amendment, the court vacated an order for the examination of a witness, not a party, before trial, to enable the plaintiff to frame his complaint on the ground that he failed to show that such special circumstances existed in the case.

The " Special circumstances " referred to in subdivision 5 of section 872 of the Code were held in Knowlton v. Bannigan, ante, to be circumstances of the same general nature as those mentioned in the preceding part of the subdivision.

In Talbot v. Doran & Wright Co., N. Y. Com. Pl., April 7, 1890, it was held that the objection to an order for the examination of defendant before trial, that its object was to ascertain whether plaintiff had a cause of action, cannot be sustained where the relation of the parties is that

of principal and agent, as in the case of a customer and his broker; and, in such case, he is not bound to make out a case as a condition of the examination.

Where the fact to be determined is whether certain transactions were had by an agent who has alleged them, the principal has a right to discover the facts by an examination of such agent before trial, in order to prepare therefor. Talbot *v.* Doran & Wright Co., *ante.*

Where it appeared that the plaintiff has sufficient knowledge of the facts constituting his alleged cause of action, and that his object is to obtain information concerning an anticipated defense, and to find out whether the cause of action cannot be extended to other parties, an examination of defendants before trial, and a discovery of their books and papers were not allowed, in Bloom *v.* Patten, N. Y. Super., June 27, 1890, to enable the plaintiff to amend his complaint.

In Adams *v.* Cavanaugh, 37 Hun, 232, it was held that the weight of authority in the supreme and superior courts is against allowing a party to compel an adversary to disclose the evidence which relates exclusively to his defense, but the examination is to be confined to such facts as tend to establish the applicant's cause of action. In this case, the execution of a mortgage was admitted in an action brought to foreclose it for non-payment of interest, and the defense of payment of the interest and usury was set up. It was apparent that the purpose of the examination was to ascertain the evidence by which the defendant intended to support his defenses, and the plaintiff was not permitted to compel the defendant to appear and be examined before trial. See also Gilbert *v.* Third Ave. R. R. Co., 17 J. & S., 129; Fitzpatrick *v.* Van Schaick, 59 How., 472.

The examination in Wallace *v.* Wallace, 19 W. Dig., 495, was based solely upon a desire to be informed as to what a party would testify, and it was stated this was not the object of the provision for the examination of a party.

A plaintiff cannot be examined, as a party before answer, for the propose of informing the defendant whether he has a counterclaim. Lathrop *v.* Brown, 5 N. Y. C. P., 101.

An examination of the plaintiff will not be allowed, at the instance of the defendant, before answer, to enable him to put in a defense in the nature of a general denial. Lathrop *v.* Brown, *ante.*

A party litigant may, in the discretion of the judge to whom application is made under the provisions of sections 870, 872, 873 of the Code, have a general examination of his adversary as a witness in the cause, as well before as at the trial, and it is not, as of course, to be limited to an affirmative cause of action, or an affirmative defense, set forth in favor of the party desiring such examination. Herbage *v.* City of Utica, 109 N. Y., 81.

Note on Examination of Parties before Trial.

The terms of the decision in Herbage *v.* City of Utica, *ante.*, are very broad and sweeping, but it is doubtful whether the court of appeals really intended to go so far as to hold that a plaintiff can examine a defendant merely for the purpose of finding out what facts are relied on as a defense. Keenan *v.* O'Brien, 53 Hun, 30.

*Discretionary.*—The court in Ludewig *v.* Pariser, 4 Abb. N. C., 246, held that the provisions of the Code relative to the examination of an adverse party before trial deprive the court of any discretion in regard to the examination of parties, and make it a matter of absolute right. See Corbett *v.* DeComeau, 4 Abb. N. C., 252; rev'd 44 N. Y. Super., 306; McGuffin *v.* Dinsmore, 4 Abb. N. C., 241; Webster *v.* Stockwell, 3 Abb. N. C., 115; Ludewig *v.* Pariser, 5 Abb. N. C., 169.

In Corbett *v.* De Comeau, *ante*, it was held that where an affidavit setting forth the requisite facts to obtain an order for the examination of a party before trial, is presented to a judge of the court in which the action is pending, he must grant the order, whether made by the applicant, his attorney, or a third party; but this case was reversed in 44 N. Y., Super., 306.

A party has not an absolute right, under section 873 of the Code, in every case where the application is formally correct, to an order for the examination of the adverse party before trial, but the court has the right, in such case, to examine into the facts and objects, to see that the law is not being perverted to mischievous and unjust ends. Chapin *v.* Thompson, 16 Hun, 53.

It was held in Sweeny *v.* Sturgis, 24 Hun, 162, that, where the affidavit, presented upon the application for an order for the examination of a party before trial, contains all the facts which the Code and the general rules require to be stated therein, it is the duty of the judge to grant the order, and suitors may insist on the exercise of this power as a matter of right, unless the affidavit also shows that the party is privileged from giving the testimony sought.

Where the affidavit presented to a judge for the purpose of procuring an order for the examination of a party before trial, discloses a case giving the judge power to act, his action is discretionary. Glenney *v.* Stedwell, *ante.* It was so held under the former Code.

For the reason that the court at special term held that the judge had no discretion in deciding to grant or refuse an order for the examination of a party before trial, the order of the special term was reversed in Greer *v.* Allen, *ante.*

*Vacation.*—The court has power to vacate an order for the examination of an adverse party before trial. Levy *v.* Loeb, 5 Abb. N. C., 157 ; Corbett *v.* DeComeau, 1 Id. 169.

*Practice.*—Section 872. The person desiring to take a deposition, as prescribed in this article, may present to a judge of the court in which

the action is pending; or, if it is pending in the supreme court, to a county judge; or, if an action is not pending, but is expected to be brought, to a judge of the supreme court, or of a superior city court, or to a county judge; an affidavit setting forth as follows:

1. The names and residences of all the parties to the action, and whether or not they have appeared, and, if either of them has appeared by attorney, the name and the residence or office address of the attorney; or, if no action is pending, the names and residences of the expected parties thereto.

2. If an action is pending, the nature of the action, and the substance of the judgment demanded, and, if the application is made by the defendant before answer, or by either party after answer, the nature of the defense.

3. If no action is pending, the nature of the controversy which is expected to be the subject thereof.

4. The name and residence of the person to be examined, and that the testimony of such person is material and necessary for the party making such application, or the prosecution or defense of such action, and, at the option of the applicant, the place where he is sojourning, or where he regularly transacts business.

5. If an action is pending, that the person to be examined is about to depart from the State; or that he is so sick or infirm, as to afford reasonable ground to believe that he will not be able to attend the trial; or that any other special circumstances exist, which render it proper that he should be examined as prescribed in this article. But this subdivision does not apply to a case where the person to be examined is a party to the action.

6. If no action is pending, that the person expected to be the adverse party is of full age, and a resident of the State or sojourning within the State; or that he has an office within the State, where he regularly transacts business in person, specifying the place, and, if it is in a city, the street and street number, or other designation of the particular locality; or, if two or more persons are expected to be adverse parties, that each is of full age, and so resident or sojourning, or has such an office; also the circumstances which render it necessary for the protection of the applicant's rights, that the witness's testimony should be perpetuated.

7. Any other fact necessary to show that the case comes within one of the last two sections. And if the party sought to be examined is a corporation, the affidavit shall state the name of the officers or directors thereof, or any of them whose testimony is necessary and material, or the books and papers as to the contents of which an examination or inspection is desired, and the order to be made in respect thereto shall direct the examination of such persons and the production of such books and papers.

*By whom granted.*—An order for an examination under section 870 of the Code must be granted by a judge, and cannot be granted by a court. Burt *v.* Oneida Community, 21 W. Dig., 342; Heishon *v.* Knickerbocker Life Ins. Co., 77 N. Y., 278.

The county judge of the county, in which the venue of an action in the supreme court is laid, may order the defendants residing within such county to be examined before him under section 870 of the Code. Burt *v.* Oneida Community, *ante.*

An order was made, in Corbett *v.* Gibson, 16 Hun, 241, for the examination of a party before trial by the county judge of Richmond county in an action pending in the supreme court in that county, and it was held that an application, made at a special term of the supreme court to vacate the order, was properly denied, on the ground that the county judge, for the purpose of the order and examination, possesses co-ordinate powers with the justices of the supreme court.

A special county judge has power and jurisdiction to grant an order requiring a party to appear before him and be examined as a witness in an action brought in the supreme court. The latter court in such case, has no authority to direct the mode of examination: but has jurisdiction, on proper application, to correct any errors committed by the county judge on the examination. Kinney *v.* Roberts & Co., 17 W. Dig., 75, *ante.*

It was held in Babcock *v.* Balston, 3 How. N. S. 260, that the recorder of the city of Watertown has power, in an action in the supreme court, to grant an order for the examination of a party before trial under sections 872 and 873 of the Code.

The court at special term has no power to grant an order for the examination of a defendant for the purpose of enabling the plaintiff to make and serve his complaint; by sections 872, 873 of the Code, the application must be made to, and the order granted by, a judge, not by the court. Heishow *v.* Knickerbocker Life Ins, Co., *ante.*

It was held in Balcom v. Adams, 15 N. Y. C. P., 198, that a special term had no authority to modify an order for the examination of a party before trial, by fixing a day for the examination more than twenty days after the time originally fixed; and it was doubted in this case whether the special term has any power to modify such an order.

*Referee.*—Section 873 of the Code was so amended in 1879 as to provide, among other things, that the " order must require the party or person to be examined to appear before the judge, or except when the person to be examined is a party to a pending action, or is expected to be a party to an action to be brought, before a referee named in the order, for the purpose of taking the examination at a time and place therein specified. Under this section as thus amended, an

order for the examination of a party before trial before a referee was held in Berdell *v.* Berdell, 86 N. Y., 519, to be unauthorized and void. This section was again amended in 1884 so as to authorize the examination before the judge, or a referee duly appointed for this purpose.

This amendment to section 873 of the Code struck out from it the clause forbidding the appointment of a referee, where a party, or an expected party, is to be examined. ·

*No ground for refusal.*—A denial in a pleading affords no exemption to the party who made the denial from being examined as a witness before trial to prove the fact denied, for it is the denial only which renders such proof necessary, Sweeney *v.* Sturgis, 24 Hun, 162. Though the effect of the testimony may be to disprove plaintiff's case, yet he has a right to examine defendant, for it cannot be foretold what his testimony will be. Id.

And in Miller *v.* Kent, 59 How., 321, it was held that where a commission merchant withholds from his customer the fullest information as to any portion of his business and dealings with the property alleged to have been bought and sold, and the customer cannot obtain from him such an account of the transactions as he is clearly entitled to, the right to an examination before trial in an action brought to recover alleged profits, or to adjust the unsettled accounts, should be fully accorded; and proffers of an examination of the defendant's books, at least when not made in good faith, should not be permitted to defeat his examination.

When a case for the defendant's examination is legally made, the Code has not provided that it shall be liable to be defeated by the denial of the party to be examined of his ability to supply the information. Davis *v.* Stanford, 37 Hun, 531. The mode in which his ability is to be tested and determined is the oral examination prescribed by the provisions of the Code. Id.

In Olney *v.* Hatcliff, 37 Hun, 286, where the plaintiff sought to hold the defendants liable as partners for goods sold to them, it was held that the fact that defendants deny in their answer the alleged partnership furnishes no ground for denying an application by the plaintiff to have them compelled to appear and be examined before trial.

The possibility that, upon the examination, an effort will be made to extend it beyond what may appear to be necessary to obtain a knowledge of the facts required to be known to present the plaintiff's case. will not justify a denial of remedy. Hutchinson *v.* Lawrence, *ante.* The officer before whom the examination is taken is vested with abundant authorty to properly limit it to matters strictly relevant to what the complaint may be expected or ought to contain in such an action. Id.

*At the party's own instance.*—In Montague *v.* Worstell, 55 How., 406, it was held that, under the present Code, a party to an action cannot be examined conditionally under section 872 of the Code at his own instance. The decision of this case led to an amendment of the statute, so as to obviate the objection designated in it. The amendment was passed May 21, 1878, and is hereinbefore set forth as amended.

A party to the action was held, in Preston *v.* Henchen, 9 Abb. N. C. 68, not to be entitled to an order for his own examination, in his own behalf before trial, merely on the ground specified in subdivision 5 of section 872 of the Code, but he must show, by facts and circumstances, under some one of the other subdivisions of this section, the materiality of, and necessity, for such examination.

He cannot have an order for his own examination, in his own behalf, before trial, merely on the ground that he is about to depart from the state, or so sick, etc., that he will not be able to attend the trial, as a party is expressly excepted from the provisions of subdivision 5 of section 872 of the Code. Id. The court, in this case, held that the defendant was bound to show a right to have his own examination taken under some one of the remaining subdivisions of this section, viz. : by facts and circumstances, the materialty of, and necessity for, such examination.

In Briggs *v.* Taylor, 4 N. Y. C. P. 328, the plaintiff applied for his own examination before trial on affidavits setting forth the particulars required by subdivisions 1, 2, 3 and 4 of section 872 of the Code, and facts showing that his testimony would be material and necessary on the trial of the action and alleging that he was about to depart from the state on business and would probably be absent at the time the cause would be called for trial, and it was held that the motion should be granted, nothwithstanding subdivision 5 of this section excepts parties tothe action from examination before trial, when the sole ground for such examination is that such party is about to leave the state or is so sick or infirm as to render it probable that he will not be able to attend the trial.

*Before action brought.*—In Matter of Spence, N. Y. Daily Reg. Dec. 1, 1886, the N. Y. city court held that a judge of that court had no power to grant an order for an examination, before suit brought, of a person who is expected to be a party, but that the application must be made to a judge of the supreme court, or of a superior city court, or to a county judge.

In Matter of Paulmier, 5 Abb. N. C. 151 ; 56 How. 1, it was held that the provision of section 870 of the Code that the deposition of a person who expects to be a party to an action about to be brought, may be taken at any time before trial, is applicable only to the examination of an expected party when he himself applies for it, and not to

the examination of a party not yet sued, at the instance of another who comtemplates a suit against him. This case must be overruled by Merchants' Nat. Bk. *v.* Sheehan, 101 N. Y. 176.

In Morris *v.* Matthews, 19 W. Dig. 375, it was declared that section 872 of the Code, does not sanction the granting of an order for the examination of the defendant in an expected action, before its commencement, when such examination is professedly sought for the purpose of securing information upon which to frame a complaint, and when there is no obstacle in the way of the plaintiff's immediately commencing such action, and no necessity is shown for taking the examination of the expected defendant in order to perpetuate his testimony. See Glenney *v.* Stedwell, *ante*; Hutchinson *v.* Lawrence, *ante*.

Section 870 of the Code authorizes an order for the examination of a person against whom an action is about to be brought, upon the application of the person who is about to bring such action, but before it has been actually commenced. Merchants' Nat. Bk. *v.* Sheehan, *ante*. The granting of an order in such a case is within the descretion of the court, but it can rarely happen that justice will be promoted by granting an order on the application of a proposed plaintiff, before the commencement of an action, and the practice, unless carefully guarded, may lead to great abuses. Id.

To entitle a party to an order for the examination of a person expected to be a party, before such action is brought, to enable the proposed plaintiff to frame his complaint, the Code provides that the affidavit shall show that the action is about to be brought; *In re* Dounce, 7 N. Y. C. P. 426, and the statement that such party expects to bring an action is not a compliance with the provisions of the statute. Id. In such case, the affidavit must show that the applicant has or believes that he has a cause of action against the party whose examination is sought. Id. Such examination will not be allowed for the purpose of informing the plaintiff whether he has a cause of action. See DeLeon *v.* DeLeon, 66 How. 287.

*Corporation.*] In People *v.* Mutual Gas-Light Co., 74 N. Y. 434, it was held by the court of appeals that sections 870, *et seq*, of the Code do not include the officers, servants, agents or employees of a party, though such party is a corporation, and that the director of a corporation defendant could not be compelled to submit to an examination before trial. But that decision was made before the seventh subdivision of section 872 of the Code was, in 1880, amended by adding to it a provision authorizing an examination of the officers or director of a corporation in a proper case.

So, in Boorman *v.* Atlantic and Pacific Railroad Co., 78 N. Y. 599, it was held, that section 870 of the Code, providing for the taking of the deposition of a party to an action, before trial, at the instance of an

adverse party, does not authorize the examination of the directors of a corporation, which is a party.

But in Blocker *v.* Guild, 28 N. Y. St. Rep. 14, it was held that an order for the examination of the defendant corporation's officers will be granted in an action for false representations upon the sale of stock, where it is alleged in the affidavits that, from documents in the possession of the corporation or its officers, plaintiff will be able to deduce proof of the falsity of the representation, and that it was so made either with knowledge of the falsity or with culpable neglect to ascertain whether or not it was true, and it is no answer to such application that plaintiff can ascertain such fact by researches in a foreign country.

In Talbot *v.* Doran & Wright Co., N. Y. Com. Pl.. April 7, 1890, in an action by a customer against his corporation broker, it was held that its principal officers, who are presumed to have transacted its business, may be examined before trial, at the instance of the adverse party; and that in case they do not know the facts because some other agent was employed, they can state who he was, and can identify the entries of the transactions in the company's books.

*Associations.*—A person sued in his representative capacity as president of an association consisting of numerous individuals, is the only party defendant, and as such party, may be examined, and his deposition taken at the instance of the plaintiff at any time before the trial of the action, under sections 870, *et seq*, of the Code. McGuffin *v.* Dinsmore, 4 Abb. N. C. 241. But the other officers of the association can only be examined as witnesses in the same manner as though they sustained no official relation to it. Id.

Where an action to recover damages for the publication of a libel is brought against the treasurer of an unincorporated association, under section 1919 of the Code, the person so named as treasurer was held not to be a party to the action within the meaning of section 870 of the Code, and that he can not be examined as a party before trial at the instance of the adverse party. But whether he can be examined as a witness before trial, *quaere?*

*Non-residents.*—Non-residents of the state appear to be exempt from examination, unless served within the state personally with a copy of the order and affidavit, and service upon his attorney, without notice to him, does not seem to be sufficient for any purpose. In the superior city courts, while a party could not be required to attend before a referee, he could not be examined, if not residing or having a place of business within the cities in which they have respectively jurisdiction. But whether the amendment of 1884 to section 873 of the Code, which permits the examination of a party before a referee, has enlarged their jurisdiction in this respect, *quaere.*

The term non-resident, as used in section 876 of the Code, means non-resident of the state, and not of the county, Hesse *v.* Briggs, 9 W. Dig. 75; and so, the court held, in this case, that where a plaintiff does not reside in the city and county of New York, and no place for the personal transaction of business therein, but resides in the county of Kings, in this state, he cannot be examined at the instance of the defendant in an action pending in the superior court of New York city.

*Affidavit, how made.*—The affidavits, upon an application to examine a party under sections 870, etc., of the Code, must conform to the requirements of the sections, and an order made on argumentative allegations will not be sustained.    Beach *v.* Mayor, 14 Hun, 79.

In Fluchtwanger *v.* Dessar, reported above and also in 17 N. Y. C. P. 119; it was held that, before a party can be permitted to obtain the evidence of his adversary before trial, he should present an affidavit which alleges positively, and not argumentatively and inferentially, the facts going to show the necessity of such examination.

A party must allege in his affidavit the existence of the facts which he desires to examine his adversary to prove.    And an allegation alone that he desires to prove such facts is insufficient.    Kirkland *v.* Moss, 11 Abb. N. C. 421.

The affidavit, on which an application is based for the examination of an adverse party before trial may be made by the attorney who knows the facts, if not alleged upon information and belief.    Lane. *v.* Williams, 20 W. Dig. 16.

In Cross *v.* National Fire Ins. Co., 17 N. Y. C. P. 199, it was held that an affidavit by the attorney for defendant, an insurance company, made wholly on information derived from defendant's agent, without assigning any reason why the agent does not make the affidavit, is insufficient to support an order for the examination of the plaintiff.

The affidavits in Morris *v.* Matthews, 19 W. Dig. 375, upon which the order for the examination was granted, were based almost entirely upon information and surmises, and for that reason were held wholly insufficient to sustain the order.    See also Mowry *v.* Sanborn, 65 N .Y. 581; Steuben County Bank *v.* Alberger, 78 N. Y. 252, 258.

The general charge by an attorney, made on behalf of his client, on information and belief, of a knowledge by all the defendants, in gross, of the various facts alleged, constitutes no ground for the examination of either of them.    Elmore *v.* Hyde, 2 Abb. N. C. 129.

The affidavit in Koehler *v.* Sewards, Supr. Ct., First Dept., January 24, 1890, 29 N. Y. St. Rep. 364, was made by the plaintiff's attorney, and its important statements rested upon information and belief alone, and the court held that it was insufficient to support an order for the examination of defendant before trial, and cited Barnard *v.* Kobbe, 54 N. Y. 516, 520–521, and Steuben County Bank *v.* Alberger, *ante.*

Note on Examination of Parties before Trial.

The failure of the affiant to state, in his affidavit, on which an order for the examination of a party before trial was granted, the grounds of his belief, was held in Frothingham *v.* B. etc., R. R. Co., 9 N. Y. C. P. 304, to afford no ground for denying jurisdiction in a judge to issue the order.

The affidavit in Grismann *v.* Dreyfus, 4 N. Y. C. P. 32, to obtain an order for the examination of a defendant before trial, alleged that the plaintiff's attorney wished to ascertain whether certain facts existed, and it was held that it clearly enough indicated what he desired to prove.

*Names and residences of parties and attorneys.*—The affidavit must state the names and residences of all the parties to the actions, and a statement of their names in the title of the actions preceding the affidavit is insufficient. Beach *v.* Mayor, *ante.* The name of the person to be examined must be stated, and it is not sufficient to call him only by the term " plaintiff." Id.

The affidavit in Dunham *v.* Mercantile Mut. Ins. Co., 56 How. 240, upon which the defendant applied for the examination of plaintiff, omitted any statement of the residence of the plaintiff, or that any inquiry had been made to ascertain it, or that there was any difficulty in learning it; also omitted to state whether the plaintiff has appeared by attorney, and the name, residence or office address of any attorney on plaintiff's behalf do not appear in defendant's affidavit; and it was held that the affidavit failed to comply with the requirements of section 872 of the Code.

An affidavit to obtain an order for the examination of defendant under section 872 of the Code was held defective, in White *v.* Downey, 3 Law Bulletin, 92, in not expressly stating the appearance of attorney for plaintiff, and not giving his residence or office address.

The affidavit for the examination of the defendant before trial must contain a statement of the residence or office address of the plaintiff's attorney, in order to entitle the plaintiff to an order for such examination, Van Roy *v.* Harrott, 30 Hun, 77; Beach *v.* Mayor, *ante.* It must not omit a statement of the residence of the party whose examination is sought, or that inquiry has been made to ascertain it, or, that there is difficulty in finding it. Dunham *v.* Mercantile Mut. Ins. Co. 6 Abb. N. C. 70; nor must it omit to state whether such party has appeared by attorney, nor his name, residence or office address. Id. And in case the plaintiff is not a resident of the state in order to obtain his examination before trial, the affiadvit upon the application for the orders made must comply with the requirements of sections 872 and 886 of the Code. Id.

*Nature of action.*—The affidavit on which to procure an order for the examination of the defendant before trial, must set forth, in

:compliance with subdivision 2 of section 872 of the Code: (1), the nature of the action; (2), the substance of the cause of action, and (3) the substance of the judgment demanded. Boorman *v.* Price, 56 How. 251. In this case, the affidavit alleged that the action is brought to recover excessive prices paid in and before October 1875, for 800 shares of Pacific railroad stock on the faith of representations to him by some of the defendants, and in full reliance upon their personal character and statements, and to recover either the overpaid value, or the whole cost, of said stock, together with indemnity for liabilities he may have incurred, unknowingly, in his belief of said representations, and that plaintiff paid over fifty dollars per share for the stock, which is now worth only one dollar per share. The application for the order was denied on the ground that neither the nature of the action, nor the substance of the cause of action, was discoverable from the affidavit. The substance of the cause of action is not required to be shown since the amendment of section 872.

The right of the plaintiff, under section 872 of the Code, to examine a defendant before trial, to enable him to frame his complaint was declared in Churchman *v.* Merritt, 51 Hun, 375, to be conditional upon his showing that he had a cause of action against the defendant, and specifying in the moving affidavit the nature of the action and the substance of the judgment demanded.

The affidavit in McCoon *v.* White, 60 How. 149, though everything it alleged was admitted, did not show that the defendant had a defense, and it was held to be defective for the reason that it is still an indispensable requisite of an application for the examination of the plaintiff before trial that it must show a good defense. In this case, which was an action on a promissory note, the affidavit did not state that the defendant expected to prove that the note was not, either before its maturity or at the time of its maturity, in the hands of one who could have collected it from the defendant, and that it came after its maturity into the hands of the plaintiff.

In Frothingham *v.* B., etc., R. R. Co., *ante*, it was not considered necessary that the affidavit on which the order for the examination of a party is issued, should state a complete cause of action; that it is sufficient if the nature of the action, and the substance of the judgment demanded, are stated.

It is no valid objection to an application for the examination of the defendant that the moving papers allege the existence of facts which if established, will entitle the plaintiff to more than one cause of action, or more than one theory or ground upon which relief may be demanded. Judah *v.* Lane, 27 W. Dig. 362.

To entitle a plaintiff to an examination under this provision of the Code, it must appear that he has a cause of action against the defend-

ant. Such an examination will not be allowed for the purpose of informing him whether or not he has a cause of action. DeLeon *v.* De Lima, *ante.*

An affidavit was held, in Boorman *v.* Pierce, *ante,* defective, where it alleged that the plaintiff's action is for a recovery under chapter 18, part 1 of the Revised Statutes, in that it was too vague, indefinite and uncertain to be the foundation of any judicial proceeding.

The examination of parties who are made defendants only in the expectation and hope that upon their examination some cause of action may be discovered against them or a co-defendant, was not allowed in Tilton *v.* United States Life Ins. Co., 52 How. 179; 1 Abb. N. C. 348, for the reason that the affidavits contained no evidence of the existence of any cause of action in favor of the plaintiffs against the defendants.

In this case, all the affirmations in the affidavits, upon which the order for the examination of the defendants were founded, were upon information and belief, without stating any of the evidence upon which such belief was based, and the order was vacated for the reason above given.

Upon an application for an order to compel the defendant to appear and be examined before the trial, the only proof that a cause of action existed against him in Hale *v.* Rogers, 22 Hun, 19, was made by the affidavit of plaintiff's attorney who alleged that this action is brought to recover damages for certain breaches on the part of defendant of a contract in writing for the manufacture and sale of printed wrapping paper, and it was held that the existence of a cause of action is not established by an affidavit of what the action is brought for.

The affidavit to procure an order for the examination of a party before trial should state, under the second subdivision, section 872 of the Code, the nature of the action, and the substance of the cause of action, and of the judgment demanded therein. Kaufman *v.* Herzfeld, 1 How. N. S. 444. The affidavit used on the application in this action left it indeterminate whether the plaintiff intended to proceed upon a breach of a contract, or for a conversion of shares of stock, and showed that he is ignorant as to whether he has a cause of action; and it was held that such want of knowledge on his part was no justification for such order. By a subsequent amendment of this section, the substance of the case of action need not be alleged.

The right of a plaintiff to obtain, by an examination of the defendant before trial, discovery of facts, which he desires to allege in his complaint, is conditioned upon his showing that he has a cause of action against the defendant. Churchman *v.* Merritt, 51 Hun, 375; under our present system of procedure if an action is pending, the nature of the action and the substance of the judgment demanded must be stated in the moving affidavit. Id. In this case, where a suit was brought

to reform a written instrument, it was held not to be a sufficient compliance with this provision of the Code, merely to state that the purpose of the action is to reform a deed, or mortgage or other paper as the case may be, but the grounds upon which relief is sought should be indicated with reasonable certainty.

A plaintiff, in order to obtain an order for the examination of a defendant before trial, for the purpose of framing his complaint, must establish by affidavit the existence of a cause of action in his behalf. Muller *v.* Levy, 52 Hun, 123; 17 N. Y. C. P. 113. In this case, the only averments tending to establish a cause of action was the execution of a written contract of employment by the defendants and the performance of work, labor and services for them in full compliance with the terms of said contract, but there was no allegation of any breach of contract by the defendants, and it was held that the attempted statement of a cause of action was fatally defective, and that the application is fairly subject to the criticism that it is merely an attempt, not to obtain information for the better statement of a known cause of action, but to find out whether the plaintiff really has any cause of action at all.

An allegation that the action is brought to recover damages for a personal injury resulting from defendant's negligence, was held in Vidette *v.* Dudley, 56 N. Y. Super. 600, to be a sufficient statement of the nature of the action.

The provisions of section 872 of the Code, requiring the affidavit to set forth the nature of the defense, imply that a defense exists to the knowledge or information of the defendant, but that, by reason of his ignorance of sufficient particulars, he is not able to plead it properly. Roberts *v.* Press Pub. Co., 57 N. Y. Super. 526. This section was not passed for the purpose of enabling a defendant to ascertain whether or not he had a defense, when, at the time, he cannot affirm that one exists according to his knowledge or information. Id. The affidavit to procure an order for the examination of plaintiff before answer, in this case, alleged that the nature of the defense was a defense of justification of the alleged libel by pleading and proving that the plaintiff did attempt to obtain from the possession of the owners, by color and aid of fraudulent and false representations and pretenses, the sum of five dollars from each of them; that it was necessary to state particularly in its answer the names of the persons who were swindled, the representations made, and the particulars wherein said representations were false, etc., and that none of these things were known to the affiant or to the defendant, and the defendant had no means of ascertaining the same, except from the examination of plaintiff before answer; and it was held that the whole of the affidavit taken together shows that the defendant was ignorant of the existence of a defense, and could not,

therefore, set out its nature; and that the order was properly vacated by the special term.

*Materiality and Necessity.*—Upon an application under section 870, etc., of the Code, for the examination of a party, the applicant must state, by affidavit, facts and circumstances showing that the testimony sought is material and necessary to his case. Wayne County Savings Bk. *v.* Bracken, 31 Hun, 434; Beach *v.* Mayor, *ante;* Chapin *v.* Thompson, *ante*; Schepmoes *v.* Bousson, 1 Abb. N. C. 481; Elmore *v.* Hyde, 2 Id. 129. In the case first cited above, all that was alleged in respect to the defendant is, in substance, that his examination is material and necessary to the plaintiff to enable it to ascertain whether the defendant company is a copartnership, as alleged in the complaint, or a joint stock association, as alleged in the answer, to enable it to prepare for the trial, and to enable it to ascertain the authority of the defendant as president, etc., to make notes on behalf, or in the name, of the said company; and it was held that the affidavit was insufficient in that it failed to show that the testimony sought was material and necessary to the plaintiff's case.

The affidavits must show that the evidence sought by the examination of the adverse party is necessary for the protection of the rights of the party desiring the order, and that it is not in substance, an effort to obtain his adversary's proof of his case before trial. Fluchtwanger *v.* Dessar, *ante.*

A simple allegation in the affidavit that the examination is necessary to prosecute the action, was held in Knowlton *v.* Bannigan, *ante,* not to be sufficient to sustain the order on the ground that the plaintiff intends to use the testimony on the trial, but there must be an express statement that the moving party intends to so use it. See Corbett *v.* De Comeau, 44 N. Y. Super. 306; Batterson *v.* Sandford, 45 Id. 127.

In Glen Cove Mfg. Co. *v.* Sutro, 53 Hun, 636, an affidavit presented to obtain an order for the examination of defendant before trial, in an action to recover for slanderous words spoken concerning plaintiff's business, recited that plaintiff's information is of such a nature as to render it impossible to ascertain from it the extent of defendant's statements, and the persons to whom or in whose hearing they were made, or the amount of damage caused by said statements, and that plaintiff cannot prepare for trial, and cannot with any degree of definiteness or precision frame a complaint herein, without an examination of defendant before trial, and it was held, without determining the question whether, unde the provisions of the Code, the defendant in an action of this kind may not be examined, that the application as shown by the papers, is devoid of the necessary elements to invoke the power of the court in the exercise of its discretion.

A plaintiff, in an action for her services against a firm, was permitted, in Goldberg *v.* Roberts, 5 N. Y. C. P. 337 ; 12 Daly, 387, to

have an order for the examination of one of the defendants before trial, in order to prove the copartnership between the defendants, and the agency of the person who contracted for services.

The right to examine the opposite party before trial is not absolute; it depends upon the ability of the moving party to show the necessity therefor. Hamilton *v.* Hudson, Supm. Ct., Second Dept., June 25, 1888; nor is the ex parte order for such examination conclusive that such necessity has been shown. Id. The opposing party has a right to be heard on motion to vacate, and if, upon such hearing, it is made to appear that the supposed necessity does not exist, the order originally granted may be set aside. Id. The motion to vacate will ordinarily be made to the officer who granted the original order; but it is not obligatory that the motion be made to him; another judge may entertain it. Id.

It became necessary for the plaintiff in Keenan *v.* O'Brien, 53 Hun, 30, to prove on the trial, the formation of a partnership between the parties, or an agreement for doing business jointly, and what profits have been made, and, as the defendants had exclusive possession of the books of the firm, it was necessary to examine one of the defendants for the purpose of obtaining evidence of the partnership and the amount of profits, and it was held that the plaintiff was entitled to examine the defendant before trial as to the existence of the partnership, and also to see whether there have been any profits upon the performance of the work, but not for the purpose of finding out what facts defendants rely upon for their defense.

The object of allowing an examination of a defendant before trial is for the purpose of ascertaining facts and circumstances either within the knowledge of the parties to the subject of the action, and about which there should be no controversy, or which are necessarily within the knowledge of the defendant and essential to the maintenance of the action as existing and as alleged. Glen Cove Mfg. Co. *v.* Sutro, *ante.*

In Waters *v.* Shayne, 57 Hun, 587, it was held that where all the facts sought are matters of record, and no necessity exists for examining the defendant as a witness to prove them, an order for the latter's examination before trial will not be granted.

It was also held that, where the inference warranted by the facts is that the defendant's evidence can be secured by obtaining his attendance as a witness at the trial, and that it is not necessary for the plaintiff to obtain it before that time, it is not the practice of the courts to direct the party to submit to an examination as a witness at the instance of his adversary before trial. See also Williams *v.* Foster, 16 N. Y. C. P. 429.

In Dalzell *v.* The Fahys' Watch Case Co., N. Y. Super. Ct. May 5,

1890, it was held that the plaintiff, on obtaining an order before service of a copy of the complaint, is bound to show that, at that stage of the case, the examination is material and necessary to enable him to frame his complaint. The object of allowing the examination to be had before the joinder of issue is not to enable the plaintiff to ascertain whether he has a cause of action, but to enable him to elicit material facts necessary to be incorporated into the statement of the cause of action which he has. Id.

It was held in this case that, where a careful inspection of the record shows that the plaintiff has sufficient facts for framing a complaint based upon defendant's refusal, he fails to establish any necessity for the order of examination.

An order for the examination of a defendant before trial, to obtain facts to insert in a complaint in order to present a cause of action, will not be granted, where it appears that the plaintiff is possessed of ample information concerning the claim, so as to be able to frame the complaint without an examination of defendant. Koehler *v.* Sewards, *ante.*

Applications for the examination of parties before trial are addressed to the sound discretion of the court, and should only be granted where it appears that they are sought for a legitimate purpose, and not merely upon a hope of discovering something of benefit to the party applying. First Nat. Bk. *v.* Lindenmeyer, 55 Hun, 608. The affidavit in this case contained no statement that the facts, sought to be procured by the examination, are not within the knowledge of the plaintiff's officers, nor that they have not at their disposal the means of proving all they seek to extract from the defendant, nor that there is any doubt about their being able to procure the attendance at the trial of the defendant sought to be examined, and the order granted thereon was vacated.

An order for the examination of a defendant before trial will not be granted, where the object is to obtain in advance of the trial a statement by the defendant of the grounds of his defense, so that the plaintiff may be the better prepared to meet the same upon the trial. First Nat. Bk. *v.* Lindenmeyer, *ante.*

In Shaw *v.* Van Rensselaer, 60 How. 143, it was held that, if, on an application to examine the plaintiff before answer, the defendant states what he expects to show by the plaintiff, and if it appears that the facts stated will tend to support a defense an order for such examination will be made. But in this case, the application was denied for the reason that the affidavit failed to specify the special matters of defense upon which the defendant desired to examine the plaintiff.

The court of common pleas in McCoon *v.* White, 60 How. 149, held it to be emmiently proper to adhere to the equity practice which required

the party seeking a discovery to state that he expected to prove by the examination the facts which he alleges to be peculiarly within the knowledge of the party whom he seeks to examine.

In Gilbert *v.* Third. Ave. R. R. Co., 17 W. Dig. 212, the whole affidavit taken together affirmatively showed that the object of the examination of a party before trial was to obtain information to use in preparation for trial, and the order was vacated for the reason that the papers showed upon their face that the examination was to be used, not to procure evidence for the trial, but for another purpose.

In Schepmoes *v.* Bousson, 1 Abb. N. C. 481, it was held that an application by a defendant should disclose the nature of the defense, and show how the facts sought are material to the defense, as distinguished from being merely material to plaintiff's case.

In Hardy *v.* Peters, 30 Hun, 79; 65 How. 522, which was an action by a customer against his stockbrokers to recover damages alleged to have been sustained by the wrongful sale of stock, defendants claimed that the sales were made upon due notice by telegram to plaintiff who in his complaint negatived any demand upon him for deposits of collateral security or margin. Upon an appeal from the special term order vacating an order for the examination of plaintiff before trial for the purpose of showing the delivery of the notices by telegram, the general term said that, although the means of proving such delivery at the offices to which they were sent may be accessible, it is quite apparent that proof of their actual delivery may be attended with many difficulties from which the defendants ought to be relieved, and reversed the order of the special term.

The rule with regard to the examination of a party before trial is one of discretion. Herbage *v.* City of Utica, *ante.* The application for the order has become one addressed to that legal element. It is flexible and must be adapted to, and controlled by, the facts and circumstances of each case, considered with reference to the relations existing between the parties; and, therefore, a strictness which would be applied between ordinary suitors would necessarily yield when the relation of trust and confidence exist between the parties, especially if one was an infant, and, therefore, to a certain extent, helpless when the transactions to be investigated occurred. Carter *v.* Good, 57 Hun, 116. Persons in a fiduciary character are equitably liable to discovery. Id.

Where it appeared, from the nature of the transactions set forth coupled with the allegations in the complaint relating thereto, and making them apparent, that the information desired is seemingly important for the proper presentation of the cause of action asserted and necessarily wholly within, or more within, the knowledge of the defendant than the plaintiff, it was held, in Carter *v.* Good, *ante*, that the

order should be granted and maintained; and that this would not be recognizing a procedure in the nature of a fishing expedition, or suggest such a forbidden performance, but a meritorious application founded in justice and due to its proper administration. Id.

The affidavit in this case though not a fulfillment of the essential requisites in ordinary cases under the decisions bearing upon the subject, was held to be sufficient to justify the order asked for under the circumstances of this case in the exercise of a sound discretion.

Whenever it appears that the examination of an adversary before trial is material and necessary, and the application is one not for the purpose of extracting evidence from him by unnecessary procedure, and when its good faith cannot be seriously questioned, it is almost a matter of course under our statute to direct the examination in the furtherance of justice. Id.

One of the objects in Chaskel *v.* Metropolitan El. Ry. Co., 53 Hun, 636, for the examination of the defendant before trial, was for the purpose of proving whether one of the defendants' was a director or not, and it was held that the primary source for proving such facts is the minutes of the corporation, and, until it appears that there are no minutes, the plaintiff should be relegated to that source of information, rather than harassing a defendant unnecessarily by an order for his examination.

In this case, the examination of the defendant before trial was not allowed, on the ground that it did not appear by the moving affidavit that the plaintiff had reason to apprehend that he could not have the examination of defendant at the trial, or that it was important for him to have the testimony before trial.

The application will be refused, where it appears that the facts as to which the testimony of the party is desired are either in the possession of the applicant, or are matters of record easily attainable. Cross *v.* National Fire Ins. Co., 17 N. Y. C. P. 199.

In Ball *v.* Evening Post Pub. Co., *ante,* the affidavit contained the title of the action, and stated that the defendant was a domestic corporation, having its office and place of business in the city and county of New York, and also stated the nature of the action, and set out the answer. It further stated the opinion of the deponent, that the testimony of the plaintiff was material and necessary for the defendant, and for the defense of the action, and then proceeded to state the grounds of such opinion, which were sufficient to show the materiality to the defense of the evidence the defendant sought to obtain by such examination, and expected to prove by it; and that, in order to maintain its defense and prove the allegations contained in the answer, the defendant desired to examine the plaintiff. It was held that these facts were sufficient to bring the application for the order within the

statute, and met the objections, that the affidavit did not specify facts showing that the examination was material and necessary, and that it did not state the name of the defendant.

In Nott *v.* Clews, 20 W. Dig. 274, the plaintiff applied for and obtained an order to examine the defendant for the purpose of obtaining proof that his signature to the certificate of incorporation of a certain corporation was genuine, and the general term on appeal held that, since such certificate was required to be acknowledged, and such acknowledgment was not denied, the order was improperly granted for this purpose. The examination in the case was also sought for the purpose of obtaining a statement of the receipts of the corporation, the sources thereof, the amount received on account of its stock, etc. A receiver had been appointed, to whom all its books and papers had been delivered, and plaintiff, upon consulting them, could obtain all the necessary information, without resorting to an examination of defendant. The court held that a case was not made out for such examination, on the ground that an examination of a defendant before trial cannot be ordered for the purpose of ascertaining facts which the plaintiff can learn from other sources which are accessible to him.

In Fitzpatrick *v.* Van Schaick, 59 How. 472, an action was brought for the conversion of stock and defendant justified the sale under an order given by a person whom he claimed was plaintiff's agent. Plaintiff sought to examine the defendant for the purpose of discovering whether this person was the plaintiff's or the defendant's agent. It was held that, as the defendant had the affirmative of the defense, the plaintiff, under the rule laid down in Chapin *v.* Thompson, 16 Hun, 53, will have to wait until the trial before she can oblige the defendant to tell her what he will swear to concerning it.

In Richardson *v.* McCreevy, 1 Abb. N. C. 355, the court refused to allow the examination of the defendant under section 391 of the former Code, while the trial was pending and proceeding before a referee, on the grounds that it would in such case be oppressive.

In Schepmoes *v.* Bousson, *ante;* 52 How. 401, it was held that an examination of an adverse party before trial, ought not to be encouraged or allowed, except when it appears that it is adopted in good faith, and purely for purposes of discovery of matters resting peculiarly in the knowledge of the adverse party, and the testimony sought is material to the case of the party seeking the examination, but never for the mere purpose of eliciting the grounds or sources of the adverse claim or the evidence by which it is to be established.

In Goldberg *v.* Roberts, *ante,* where the complaint in an action against the defendants for services rendered under a contract with one of them, alleged that they were copartners and that one of the defendants acted, under their authority in contracting with the plaintiff, it was

held that an order for the examination of one of the defendants before trial for the purpose of proving such copartnership and authority of one partner should be sustained.

The practice of examining a party before trial, at the instance of the opposite party, should be carfully guarded by the court, so that it may not be productive of evil. Sheehan *v.* Albany & B. Turnpike Co., 54 Hun, 639. When it is evident that the party asking for the examination is sufficiently acquainted with the facts of the case, to obtain the proof which he needs, and that, in fact, he desires the examination only to discover to what his opponent will testify, the order should not granted, or, if it has been granted, should be set aside. Id.

The examination of an adverse party, being a natural person, shall not be granted as of course. Blocker *v.* Guild, *ante.* Where no peculiar circumstances appear, and it is not alleged that any important documentary evidence is in the possession as an individual, nor shown that his oral evidence may not with equal force be taken upon the trial, an application for an order for his examination should be denied. Id.

In Vidette *v.* Dudley, *ante*, it was held that the plaintiff, in an action to recover damages for injuries which he sustained through the action of the defendant in selling him an instrument or tool which the defendant knew was dangerous and unfit for use, may have an order for the examination of defendant before trial for the purpose of showing that he was the manufacturer, as bearing upon the question of negligence, whithout alleging in his moving papers that there was no other witness by whom he could establish this fact.

It was held in Burt *v.* Oneida Community, *ante*, that when an action is brought in good faith to enforce rights to property in which all of the parties to the action are interested, and the defendants retain in their custody all the contracts, books and papers relating thereto, and the plaintiff is without information to frame his complaint, an examination of the defendants before trial is proper.

The examination of a party before trial is not permitted for the purpose of obtaining admissions as to facts in issue in the action, in order to dispense with the necessity of calling a large number of witnesses to establish material facts which may be admitted upon such examination, or for the purpose of preventing surprise on the trial. McMahon *v.* Brooklyn City R. R. Co., 20 W. Dig. 404.

In Davenport Glucose Mfg. Co., *v.* Taussig, 33 Hun, 32, which was an action to recover possession of personal property, alleged to have been sold by the plaintiffs to subsequent assignors for the benefit of creditors, it was held that the vendees and assignee may be required to appear and be examined before trial.

Where an examination of a party before trial is required, the affidavit

must specify the facts and circumstances which show that the testimony sought is material and necessary.   Crooke *v.* Corbin, 23 Hun, 176. In this case, the only allegation in the affidavit respecting the materiality and necessity of the desired testimony, was " that the defendant's testimony is material and necessary for the party making this application and the prosecution of this action, and the plaintiff cannot safely proceed to trial without examining the defendant;" and it was held that the affidavit was insufficient in this respect, in that no fact or circumstance to show the examination material and necessary was specified.

In Sanger *v.* Seymour, Supm. Ct., First Dept., December 30, 1886, plaintiff's affidavit showed that, without an examination of the defendants to be used upon the trial, he has no means of ascertaining the language of an instrument signed by himself and another person and given to the defendants, and has no knowledge of the state of his accounts kept with him on the books of the defendants while he was in their employment, and no means of such knowledge except through an examination of said defendants.   The action was brought to recover a certain sum upon an instrument held by the plaintiff and upon which he alleges the defendants to have become liable to him, but which liability the defendants deny.   It was held that as the general object of the examination, as shown by the affidavit, is to fortify and maintain the plaintiff's right of recovery, he is entitled to an order to examine the defendants, and the fact that the evidence obtained may have an equal tendency to defeat the defendant's defense, furnishes no reason for denying the right of plaintiff to take the testimony when, as a matter of fact, it will be material and necessary in the prosecution of his action.

It was held in Miller *v.* Kent, 59 How. 321, that, where, upon motion for an examination of defendant before trial, enough is stated in the affidavit to show the materiality of the examination, the statement of other facts and conclusions, by way of argument, tending to show the materiality of the testimony as a matter of preparation to meet the alleged defenses, should not, under the circumstances of this case, defeat the application.

Where it is evident that the plaintiff desires to examine the defendant, not to procure testimony which is material or necessary to enable him to make out his case upon the trial, but to discover the testimony which the defendant can give in support of his defense, an order to examine him before trial will not be granted, and if granted, is properly vacated upon the defendant's application.   Fourth Nat. Bk. *v.* Boynton, 29 Hun, 441.   In this case it was so held, where an action was brought to recover the amount of two promissory notes made by the defendant and transferred to the plaintiff, and the answer set up the defense of usury in the preceding transfer of the notes from

the defendant to the person receiving them from him, and the examination of the defendant was sought to establish whether such negotiation was in fact made by his transferee, and if so, to show what were its terms and circumstances.

In Chapin v. Thompson, *ante,* the court held that an order will not be granted where the applicant only seeks to find out what the opposite party will swear to, so as to enable him to prepare to meet and overcome it.

The plaintiff, in Hutchinson v. Lawrence, *ante,* brought an action to obtain a judgment, declaring a resolution of the governing committee of the New York stock exchange, expelling him and depriving him of his seat in said stock exchange, to be void, and restraining its enforcement, and applied for an order requiring the president of the board, who was a defendant, to appear and be examined in order to enable the plaintiff to frame his complaint. The affidavit showed that the plaintiff had no knowledge, after answering the charges, of the subsequent proceedings of the board, except what he had heard from other persons, but that such information was too indefinite to enable him to set forth the facts in his complaint. It was held that he had a right to call upon the defendant to supply this essential information.

Some necessity for the procurement of the deposition of the party should be shown to exist, and the plain spirit and intention of the Code is to permit the deposition to be taken only where the testimony is material and necessary for the party for use on the trial of the action, Weston v. Reich, 48 Hun, 320. In this case, there was nothing to show any peculiar knowledge in the possession of the defendant, and from the nature of the case, the plaintiff must have had full knowledge of all the facts, and the application was denied on this ground. The affidavit also disclosed that it was the object of plaintiff to procure the testimony of the defendant to enable him to prepare for the trial of the action, and it was held that an order will not be granted for this purpose alone.

In Dyett v. Seymour, 50 Hun, 278, an action was brought against a firm of brokers to recover from them a large sum of money alleged to have been obtained from plaintiff's assignor by means of false and fraudulent representations made by defendants to the effect that large losses had occurred in certain transactions which never occurred, but which plaintiff's assignor had paid. On the application for an order to examine defendants, it appeared that a large part of the notices of purchases, which had been rendered by defendant, had been lost, and that, in some cases where the notices had been retained, the persons named therein as purchasers or sellers have denied that they ever had any such transactions. It was held that the plaintiff is entitled to an examination of the defendants to discover the names of the persons who

were the purchasers of such stocks and the names of the persons to whom the sales of stock were made.

An examination of the plaintiff will not be allowed for the purpose of discovering what consideration the plaintiff paid for the note sued n, and which was misappropriated by the party to whom it had been intrusted to procure its discount and return the proceeds to the makers. Frazier *v.* Davids, 1 How. N. S. 490. In this case, it was held that, where the object for which the examination is sought is to discover whether the plaintiff can maintain his cause of action, the nature and number of his witnesses, or to determine whether he has title to the note, or else to anticipate perjury, the application will be denied.

Under the former Code, it was held that the examination of an adverse party before trial should not be allowed in an action of libel, especially where it is sought to compel the defendant to disclose whether he published the libel, or enable plaintiff to prove malice or damage, if his affidavit does not state facts having a tendency to show actual malice or special damage. Phœnix *v.* Dupuy, 2 Abb. N. C. 146.

Where, in an action for a copartnership accounting, the facts in reference to the establishment of the copartnership are as well known to plaintiff as to the defendant, an examination of the defendant before trial is not a proper exercise of the discretion of the court, for the reason that no necessity for the examination is shown. Keenan *v.* O'Brien, *ante.*

In DeLeon *v.* DeLima, *ante*, it was held that an order to examine a defendant before trial should be granted in an action to recover damages for an alleged slander, to obtain knowledge or information of the exact language used by defendant in disseminating a charge that plaintiff had participated in a scheme of blackmail against the defendant.

It was held, in Newmann *v.* Third Ave. R. R. Co., 50 N. Y. Super. 412, which was an action against a horse-car company for personal injuries on the ground of negligence, that an affidavit showing that the defendant has no knowledge of the time and place of the accident and number of the car which caused it, that the only person who has such information to defendant's knowledge, is the plaintiff, and that the deposition is to be read at the trial of the action, was sufficient to support an order for the examination of plaintiff before trial.

The affidavit in Corbett *v.* DeComeau, *ante,* on which the order was granted, showed that the sole object of defendant's examination was to prove, by the latter's own oath, the publication of a letter, libellous on its face, in a newspaper, with the design to injure plaintiff, and did not show that it was material and necessary to enable the plaintiff to frame his complaint, or that the publication could not be proved by

other testimony, if necessary; and it was held that it was defective, and that the mere general averment of the affidavit that the testimony of the defendant was material and necessary to the plaintiff in the prosecution of the action, was insufficient.

In Green v. Allen, *ante*, the court held that, to authorize an order for the examination of the defendant before trial, an affidavit must be presented showing the nature of the action, the substance of the cause of action, and of the judgment demanded, and, after answer, the nature of the defense, and also the facts showing that the testimony is material and necessary for the party desiring to make the examination. The affidavit, in this case, stated that the action is brought upon a contract, and that the judgment demanded is for the sum of six hundred and ninety dollars, that the answer of the defendant is a general denial, and that the examination of the defendant is necessary, and also stated the matters as to which the examination is desired; and it was held that the affidavit was defective in not showing the facts and circumstances making the testimony material and necessary, and in omitting in such case, to state the cause of action, so that it can be seen how the facts alleged in the affidavit are material or pertinent. The clause "the substance of the cause of action" has been eliminated from section 872 of the Code by the amendment of 1879.

In Summonds v. Hudson, 4 Abb. N. C. 247, it was held that the affidavit of plaintiff's attorney that he believes such examination necessary, is not sufficient to obtain an order for the examination of the defendant before trial, under section 872 of the Code, but that it must set forth the facts and circumstances which show that such examination is material and necessary.

The affidavit, in Ludewig v. Pariser, *ante*, upon which the order for the examination of the defendants was made, sets forth the names and residences of all the parties to the action the non-appearance of the defendants, the nature of the action, the substance of the cause of action, the names and residence of the persons to be examined, and the materiality and necessity of the testimony of such persons to the prosecution of the action, and the fact that the parties to be examined are parties to the action, and it was held that these are all the requisites of an affidavit, which, under the provisions of section 872 of the Code, must be presented to the judge by a person desiring to examine his adversary in a pending action.

In order to justify an order for the examination of a party before trial, it was held in Brown v. Kerrigan, N. Y. Daily Reg. April 8, 1884, not to be sufficient merely to allege that his testimony is material and necessary to the applicant, but he must allege facts so as to enable the court to ascertain whether such testimony is material and necessary.

The affidavit may be made by the attorney, but it must show the

materiality of the witness to the knowledge of the attorney, or, if made on information, the sources of information upon which the attorney bases the allegation of the materiality of the party. Hall v. Rogers, ante.

The only allegation of the affidavit respecting the materiality and necessity of the testimony of the parties whose examination was sought, in Crooke v. Corbin, 23 Hun, 176, was that the defendants'' testimony is material and necessary for the party making this application and the prosecution of this action, and that the plaintiff can not safely proceed to trial, without examining the defendants. No fact or circumstance to show the examination material or necessary was specified. The affidavit was held defective in that it did not contain a statment of facts showing the materiality of the testimony sought.

It was held in Elmore v. Hyde, 2 Abb. N. C. 129, under the former Code, that an application for the examination of an adverse party before trial should explicitly allege his knowledge of specific facts and circumstances, and that he can testify thereto, and that such facts are material to the case of the applicant.

In Lathrop v. Brown, ante, the affidavit states that deponent believes that he is and will be able, after taking the deposition and testimony of the plaintiff, to set up and allege a good and valid counterclaim against the plaintiff for a large amount, and, further, after taking such deposition and testimony, will be able to set up and allege a defect of parties plaintiff, and it was held that the affidavit was altogether too vague to lay a foundation for the examination of the plaintiff.

To authorize an order for the examination of a party before trial, under section 870 of the Code, it was held in Wallace v. Wallace, 19 W. Dig. 495, that the affidavit presented must show the facts which render the testimony material and necessary for the party applying for the order. The mere statement in the affidavit that the testimony of such party is material and necessary for deponent for the prosecution of this action, and in order to avoid the deponents being surprised on the trial of the action by unexpected testimony, is insufficient. Id.

In Frothingham v. B. etc., R. R. Co., ante, the affidavit on which an order to examine the defendants in an action to enable the plaintiffs to frame their complaint, alleged that the plaintiffs were ignorant of all the details in reference to the transactions complained of, and of the particular share and interest therein taken by each of the defendants, in an action by a stockholder against a corporation to recover corporate property misappropriated, and it was held that the affidavit sufficiently showed that an examination of the defendants and their books was necessary; and that, where the affidavit states that such information cannot be procured in any other manner, and there is no reason to suppose that it can be, this fact is sufficiently shown.

In Judah v. Lane, 12 Hun, 130, the affidavit showed that plaintiff

was an assignee for the benefit of creditors; that defendant had rendered to the assignor certain reports of alleged operations in the purchase and sale of stocks on his account, which plaintiff charged were false in many essential particulars: and it further appeared that all the facts adduced tended to substantiate plaintiff's charges and throw suspicion on defendant's accounts as rendered, and that the only statements of the actual transactions were contained in defendant's books; and it was held that plaintiff was entitled to an order for defendant's examination.

In Carr *v.* Rislier, 20 Abb. N. C. 176, the cause of action was stated, as having arisen more than twenty years prior to the commencement of the action, and that all the parties from whom the defendant might procure the necessary information to enable him to prepare for trial were dead, and it was held to be proper that he should be allowed to examine the plaintiff upon the subject of the manner in which he became the owner of the claim, and of the *bona fides* of his ownership,

The statement of facts in the affidavit must show that the testimony is material and necessary for the party making the application, for the prosecution or defense of the action. Beach *v.* Mayor, *ante*. In this case, an application was made by the defendant to examine the plaintiff, in an action brought to recover damages for an injury sustained in consequence of a defective pavement, and the affidavit stated that all the facts and circumstances connected with the happening of the alleged accident, and the hour of the day or night on which it is stated to have occurred, and the names of the by-standers or witnesses, if any there were, and the nature and extent of the plaintiff's injuries, are not at all within the knowledge of defendant, and in order to enable defendant to prepare properly for the defense of the action, it will be necessary to examine the plaintiff before trial; it was held that this statement of facts was not sufficient, or such as is required by the statute, in that it does not state that the testimony is material or necessary for defendant in the defense of the action.

It was held in Winston *v.* English, *ante*, that the affidavit upon which the application for an order of examination is based, must show the materiality of the discovery sought, for the purpose of framing the pleading; and that if the materiality does not appear, or if the court cannot see that the examination is material in aid of the prosecution or defense, the application will be denied. In this case, an attempt was made by the defendant to examine the plaintiff, in order to frame his answer to a complaint which had not yet been served, and it was held that, until such service, the defendant cannot know what the alleged cause of action was or could be, nor what he would have to answer, nor could it be seen that it was material in aid of a defense, until an issue had been framed.

In Chaffee *v.* Equitable Reserve Fund Life Ass'n, 56 N. Y. Super. 267, it appeared, from the nature of the case, that the plaintiff did not have the information necessary to enable her to testify in relation to the amount of the death fund or what amount an assessment would realize, that there is no source from which the testimony can be obtained except from an examination of the officers and books of defendant, and that the testimony is material to sustain her cause of action; and it was held that the plaintiff was entitled to an examination of an officer of the defendant as a witness before trial, and not to a discovery or inspection of books and papers, but that the books may be required to be produced as an incident to the examination of the witness, so as to make his examination effective. See Levy *v.* N. Y. C. R. R. Co., 53 N. Y Super. 267.

Where the defendant, in an action for an alleged libel, avers that the publication was true and that he desires the examination of the plaintiff before trial in order to frame a proper plea of justification, the affidavit fails to show that the evidence of the plaintiff is necessary for him before he can properly frame and serve his answer, for the reason that no facts and circumstances can be employed except such as were known and believed to be true at the time of the publication, and these are already known and believed. Strakosch *v.* Press Pub. Co., 53 Hun, 503; 17 N. Y. C. P. 209; Kinney *v.* Roberts & Co., *ante*.

The affidavit is required to disclose the nature of the action, and to set forth that the testimony of the party is material and necessary, and the judge must be able to see from the facts stated that the testimony is material and necessary. Jenkins *v.* Putnam, 106 N. Y. 272. If from the nature of the action and the other facts disclosed he can see that the examination is not necessary for the party seeking it, then it cannot be supposed that it was the legislative intent that he should be obliged, nevertheless, to make the order. Id. Where he can see that the examination is sought merely for annoyance or for delay, and that it is not necessary and material, he ought not to be required, and cannot absolutely be required, to grant the application, Id. Even though the provision requiring the judge to make the order, should be held mandatory, the power of the supreme court to deal with the matter is left intact, and it may, in the exercise of its discretion, upon all the facts appearing, vacate the order and leave the party to take the examination at the trial. Id. In this case, there was no allegation in the affidavit showing that the facts were not perfectly known to the applicant, or that it was important for him to have the testimony of the adverse party before the trial, or that he had any reason to apprehend that he could not have his examination at the trial, and it was held that the application should have been dismissed as a " fishing bill " on

the ground that the examination was not necessary to enable the party to frame his complaint, or make his defense.

Though the language of section 873 of the Code appears to be mandatory, it was not intended to deprive the judge of all discretion in granting the order, but it must appear from the papers upon which the order is founded that there is some good reason for directing the examination to be had before the trial rather than at the trial. William v. Folsom, 52 Hun, 68. The affidavit should allege that the facts are not perfectly known to the applicant, or that he cannot have the examination o the adverse party at the trial and that he intends to use the testimony on the trial. Id. S. C. under name of Williams v. Foster, 16 N. Y. C. P. 429.

In Strakosch v. Press Pub. Co., *ante*, which is an action for damages for the publication of a libel, it appeared by the affidavit of defendant's correspondent, on whose information the publication was made, that he was in a condition to supply the defendant with all the information that possibly could be required for the framing and presentation of an answer setting forth the truth of the statements contained in the article; and it was held that the examination of the plaintiff was not necessary to enable the defendant to prepare its answer by way of justification.

The present Code does not require that the affidavit shall specify the facts and circumstances which constitute such materiality or necessity, only that the moving affidavit shall state that the testimony of the person to be examined is material and necessary for the party making such application, or the prosecution or defense of the action; but rule 83 of the supreme court does expressly require that it should contain such specification. While a number of cases such as Glenney v. Stedwell, *ante*: Ludewig v. Paraser, *ante*, McGuffin v. Dusmore, 4 Abb. N. C. 241; Hynes v. McDermott, 55 How. 259; Webster v. Stockwell, 3 Abb. N. C. 115; Kanter v. Moschowitz, Daily Reg. Jan. 23, 1880; Thompson v. Scott, Id. ; Abt v. Mayor, Daily Reg. Nov. 27, 1880; Harwed v. N. Y., etc., R. R. Co., 21 Hun, 272, virtually hold that such rule cannot alter the statute, yet the weight of the later authorities is in favor of a full and specific statement of the facts and circumstances, showing the materiality of, and necessity for, the examination. Simmonds v. Hudson, 4 Abb. N. C. 247; Cornell v. Fryer, 9 Id. 52; Robertson v. Russell, 20 Hun, 243; Crook v. Corbin, 23 Id. 176; Sweeney v. Sturgis, 24 Id. 162; Corbett v. De Comeau, *ante*; Batterson v. Sanford, 45 N. Y. Super. 127; Williams v. W. N. Tel. Co., 47 Id. 380; Dart v. Lambeen, Id. 490; Phoenix v. Dupuy, 7 Daly, 238; 53 How. 188; People v. Gas Light Co., 54 How. 289; Dunham v. Mercantile Ins, Co. 44 N. Y. Super. 387; Smyth v. McGovern, 7 W. Dig. 480; and other cases herein cited.

In ·Golin *v.* Town of Mooers, 54 Hun, 639, which was an action to recover damages to a threshing machine and consequent loss of contracts for threshing caused by a defective bridge, the defendant desired to examine the plaintiff as to the facts and circumstances relating to the accident, the location of the bridge, the parts of the machine which were broken, the names of the persons with whom plaintiff had contracts, and the names of the persons present at the accident, and it was held that an *examination is not needed to enable defendant to answer* ; that its object is plainly to find out what plaintiff will testify to on the trial so that defendant may the better meet the plaintiff's evidence, and that a general denial will put these matters in issue.

The affidavit, presented in Glen Cove Mfg. Co. *v.* Sutro, *ante* to obtain an order to show cause why the defendant should not be examined before trial, stated that the action was brought to recover damages for dafamatory and slanderous words spoken by the defendant concerning the plaintiff in its business and further stated that plaintiff's information, however, is of such a nature as to render it impossible to ascertain from it the extent of defendant's statements and the persons to whom, or in whose hearing, they were made, or the amount of damage caused by said statements as aforesaid, and that plaintiff cannot prepare for trial without an examination of defendant before trial, and cannot with any degree of definiteness or precision frame a complant herein; and it was held that the application was a *fishing bill*, by which the plaintiff expected to procure from the defendant, if he has made any slanderous observations, a statement of them in detail, and that the motion was properly denied. And see Swift *v.* Meyer, 57 N. Y. Super, 580.

The affidavit in O'Reilly *v.* Western U. Tel. Co., 12 Hun, 124, showed that the plaintiff had a probable cause of action in the case, and that the examination of the defendant was necessary to enable her to obtain the requisite information to frame her complaint, and was held to be sufficient to entitle her to the order for the examination of the defendant, as the section under which it was made has been finally construed.

In an action for negligence, where the affidavits were regular and showed that the information sought was material and necessary an order—for the examination of defendants after issue and before trial was held, in Dessert *v.* Graham, 51 N. Y. Super. 532, to be proper.

An order for the examination of a defendant, under section 870 of the Code, was vacated in Kane *v.* Clarke, 3 How. N. S: 270, where no answer had been served and no ground was shown for a reasonable expectation that the allegation of the complaint in respect to which it is sought to examine the defendant, will be denied by the answer.

An affidavit by the treasurer of a corporation, in an action to compel it to transfer to plaintiff stock represented by a certificate, and to issue a new certificate to him, showed that the person in whose name the stock stands, and to whom the certificate was issued, had, before the commencement of the action, notified the corporation that he owned the stock and that plaintiff had no title; that the circumstances under which plaintiff claimed to have obtained such certificate, and the title to the stock, were not within the knowledge of the defendant or of the affiant; and that, in the belief of the affiant, an examination of plaintiff would disclose facts material and necessary to enable defendant to frame its answer, was held in Campbell *v.* American Zylonite Co., 53 N. Y. Super. 131, to be sufficient to support an order for the examination of plaintiff before answer.

An order for the examination of the defendant, to enable plaintiff to frame his complaint in an action for conversion, was denied in Martin *v.* Clews, 55 N. Y. Super. 552, where the plaintiff's affidavit omitted to show that the complaint cannot be properly drawn without examination.

The affidavit on which the order was made in Burbank *v.* Reed, 11 W. Dig. 576, showed that the testimony sought to be obtained by such examination related exclusively to facts which, if proved would show that one of the defendants had made the assignment to the other defendant of his property with the intent to defraud his creditors and that the latter was privy to such fraud, and it was held that, in view of the rule that a person cannot be compelled to testify to facts which will criminate himself, the affidavit does not show that the testimony was necessary or material.

The affidavit in Davis *v.* Stanford, 31 Hun, 531, which was an action brought to obtain a settlement of copartnership accounts, and to recover a balance owing from the proceeds of the joint business, alleged, after stating all the formal requirements of section 872 of the Code, that the plaintiff has demanded from the defendant an accounting of the affairs, business and profits of the partnership, and the payment to him of his share, and that the defendant had refused to comply with the demand; and that he was unable to frame his complaint without knowing who were, and have since the formation of the partnership, been the parties interested in these enterprises, and that he himself does not possess, the knowledge or information which is necessary intelligently to state these matters; that they were within the personal knowledge of the defendant, and that he was in the possession and control of the books of account and records of the business and its transactions, and the profits resulting from it; that they were not known to himself, and that it was material and necessary for him to examine the defendant as a witness before trial to acquire this

knowledge from him, and in that manner to secure the ability properly to frame his complaint in the action; and it was held that the affidavit complied with all that has been required to entitle the plaintiff to the examination of the defendant under section 872 of the Code.

In Hynes *v.* McDermott, 55 How. 259, it was held by the New York Common Pleas that it is sufficient under sections 870 and 872 of the Code, to state in the affidavit that the testimony of the party sought to be examined is material and necessary, and, without any further statement, it is imperative upon the court to grant the order; and that it is not necessary to state the very facts and circumstances, which the rules of equity pleading would have required to be stated in a bill of discovery.

The order for the examination of the defendants before trial was reversed in Williams *v.* Folsom, 54 Hun, 308, on the ground that the case, as stated in the complaint and affidavit, shows that no necessity existed for the examination of the defendants prior to the time of the trial. The action in this case was brought to recover damages arising out of the alleged misconduct of the defendants as real estate agents in and about the sale of plaintiff's property upon the ground that they had sold it to the wife of one of the defendants, had concealed and not communicated better offers, and that the wife had resold immediately at an advanced price, for defendant's benefit; and the affidavit alleged that the plaintiff desired the examinations to prove that the wife merely acted for the defendants, and that the defendants had acted in their own, and not in plaintiff's, interest; and it was held that this statement did not show that the proper prosecution of the action will be in any manner dependent upon plaintiff's ability to obtain the examination of the defendant before the trial, or that the defendants will not be accessible as witnesses in the action when the time for the trial shall arrive as they are at the present time, and that no necessity accordingly exists for their examination. In each of the cases of Miller *v.* Kent, *ante;* Judah *v.* Lane, *ante;* Dyatt *v.* Seymour, 50 Hun, 278, and Frothingham *v.* B. etc. R. R. Co., *ante,* it was made to appear that a knowledge of the facts, which could only be obtained by the examination of the opposite parties, was essential to enable the plaintiffs to proceed with the prosecution of the action, and the facts themselves were also of such a description as were required to be known before the trial.

In Bandmann *v.* Jones, 54 Hun, 636, an order for the examination of plaintiff before trial was reversed, on the ground that there was no allegation in the affidavit showing that the facts were not perfectly known to, or otherwise readily attainable by, the defendant. See Jenkins *v.* Putnam, *ante;* Strakosh *v.* Press Pub. Co., *ante;* Balcom *v.* Adams, 15 N. Y. C. P. 198; Kirkland *v.* Moss, 11 Abb. N. C. 421; Wes-

ton *v.* Reich, 48 Hun, 320; Williams *v.* Folsom, *ante.* And the case of Dudley *v.* Press Pub. Co., 53 Hun, 347, in no manner extends these rulings, for there it was shown to have become necessary by the examination of the plaintiff to identify the letter which was published with the one writ ten by him. It is true that in the case of Herbage *v.* City of Utica, *ante,* the broadest possible discretion has been stated to exist for the making of this class of orders.

An order for the examination of plaintiff before trial was vacated in Spero *v.* West Side Bank, 54 Hun, 638, on the ground that the affidavit was materially defective in omitting a statement from which it could be inferred that it was necessary that the defendant should obtain this evidence by the examination of the plaintiff prior to the trial of the action, and in not stating that it was designed to procure the testimony to be used upon the trial.

It is not sufficient to state in the affidavit that the desired testimony is material and necessary, for rule 83 of the supreme court provides that in the affidavit the party applying for such an order shall state the facts and circumstances showing that such an examination is material and necessary. Golin *v.* Town of Mooers, *ante.* The judge must be able to see from the facts stated that the testimony is material and necessary. Id. If from the nature of the action and the other facts disclosed, he can see that the examination is not necessary for the party seeking it, then he should not grant the order. Id. Jenkins *v.* Putnam, *ante;* S. C. 29 W. Dig. 155.

The necessity which is the foundation of an application for the examination of a defendant before trial to enable plaintiff to frame his complaint, must be substantial and rest upon a well defined and *prima facie* cause of action, not a mere speculation, but an actual existing cause of action sufficiently presented at least as to warrant the presumption of its reality. Glen Cove Mfg. Co., *v.* Sutro, *ante.*

*Intention to use the deposition on the trial.* On an application for the examination of defendant before trial, the moving papers should disclose an intention to use the deposition at the trial.—Russ *v.* Campbell, 1 N. Y. C. P. 41.

The only purpose for which an application by defendant to examine plaintiff before trial, after service of an answer, can be supported under the statute is to take the deposition for use upon the trial by way of defense. Ball *v.* Evening Post Pub. Co., *ante.* The examination cannot be granted to obtain admissions, or to enable a defendant to prepare for trial. Id. But in case these matters are incidentally referred to in the affidavit, it does not necessarily qualify the substantial and legitimate purpose of the examination. Id.

It was held in Spero *v.* The West Side Bank, 57 Hun, 588, that, though the affidavit upon which the order for the examination of the

plaintiff was granted does not contain, in as direct terms as might be advisable, all the allegations required in most of the cases to sustain an order for the examination, but sufficient does appear to show that it is the intention of the defendant to use the evidence of the plaintiff upon the trial, and that the knowledge of the facts established by the evidence of the plaintiff is peculiarly possessed by him and the defendant cannot obtain them in any other way, an order for the examination of the plaintiff before trial may properly be granted.

It is not necessary, upon an application by the plaintiff for an order to examine the defendant before trial, that the affidavit shall state explicitly that the plaintiff intends in good faith to obtain the evidence for the purpose of producing and using it as a part of the proof of his case upon the trial of the action; Fogg *v.* Fisk, 30 Hun, 61, but it is sufficient if his intention so to do can be reasonably inferred from the statements therein contained. Id. In this case, the court says that the exercise of the authority in question should be carefully guarded, for in a large majority of instances, where the testimony of the adverse party is taken under such an order, the object is simply to discover what he may be able to state as the facts of the controversy, without any intention whatever to read the evidence upon the trial; and it was not the purpose of this provision of the Code to permit this practice.

Though an affidavit is defective if it does not state the purpose to use the evidence on the trial, Ball *v.* Evening Post Pub. Co., *ante;* Beach *v.* Mayor, *ante;* Knowlton, *v.* Bannigan, *ante,* such purpose is not required to be directly and by express terms stated, but it is sufficient if the purpose to use the deposition on the trial is fairly inferable from the statements made in the affidavit. Ball *v.* Evening Post Pub. Co., *ante.* In this case, the affidavit stated that the defendant, in order to maintain its defense and prove the allegations contained in its answer, desired to examine the plaintiff and take his deposition before trial, and it was held that the affidavit sufficiently stated the intent to use the evidence on the trial.

To entitle a party to an order for the examination of the adverse party as a witness, the affidavit must show that there is a bona fide purpose to take the evidence of the defendant to use it upon the trial; Van Ray *v.* Harriot, 66 How. 269, but it is not necessary to state it in positive and direct terms. Id. The law will be complied with, when this fact shall be made to appear as one that has been established by the affidavit, and no more than this is required by the case of Chapin *v.* Thompson, *ante.* Id.

Affidavits to obtain an order to examine a party before trial, must show that the testimony is intended to be used upon the trial. Batterson *v.* Sanford, *ante.* In this action, though the affidavits allege that the plaintiff cannot safely proceed to trial, and cannot properly

prepare for trial, without defendant's deposition, and that the testimony, is material and necessary to plaintiff to enable him to prepare for the trial of, and to safely try, the action, yet they nowhere show an intention to use the deposition on the trial.

It was also held in Ball *v.* Evening Post Publishing Co., *ante,* where the defendant, in order to maintain its defense and prove the allegations contained in its answer, desired to examine the plaintiff and take his deposition before trial, that the affidavit sufficiently stated the intent to use the evidence on the trial.

In McMahon *v.* Brooklyn City R. R. Co., 20 W. Dig. 404, it was held that the allegation in the affidavit that the examination is desired for the purpose of using the testimony so taken upon the trial, is not a statement that the party desired to offer or read it in evidence on the trial, but merely that he intends to use it on the trial.

The provisions of the Code contemplate an examination of a party as a witness in the action itself, with the view to the use of his deposition as testimony upon the trial. And the applications should show that the object is to get his testimony to use upon the trial, not to force him by an examination to furnish to the defendant the information necessary to enable him to look up witnesses to be used against the plaintiff. Though this may doubtless be done by resorting to such an examination, as one of the necessary incidents to the taking of the testimony, yet where it is stated to be the object and purpose of the examination, the party fails in material respects to comply with the requirements of the Code. Beach *v.* Mayor, *ante.*

The New York Common Pleas in McCoon *v.* White, 60 How. 149, indicated that the rule that a party, who seeks to examine his adversary before trial, must swear that he intends to introduce the examination as evidence on the trial, is unwarranted and unwarrantable.

*Limitation of examination.*—In Harrold *v.* N. Y., etc., R. R. Co., 21 Hun, 268, it was held that the Code does not give the court any power to refuse to grant the order for examination where the action is pending, and that it does not give the court any greater or different power to limit the examination of a party examined before trial, than to limit the examination of other witnesses upon the trial.

Though the decision in Harrold *v.* N. Y. El. R. Co., *ante,* was given in May, 1880, it is presumed that the question must have arisen before the amendment to section 873 of the Code in 1879.

By the amendment of 1879 to section 873 of the Code, the judge, where the person to be examined is a party to a pending action, or is expected to be a party to an action to be brought, may, in his discretion, designate and limit, in the order, the particular matters as to which the party, or expected party, shall be examined. Burt *v.* Oneida Community, *ante.*

*Service.*] Section 875. A copy of the order, and of the affidavit upon which it was granted, must be served upon the attorney for each party to the action in like manner as a paper in the action; or, if a party has not appeared in the action, they must be served upon him, as directed by the order. If no action is pending, they must be personally served upon each of the persons named therein as expected adverse parties.

In Brandon Mfg. Co. *v.* Pettingill, 2 Abb. N. C. 162, it was held, under the former Code, that an order for the examination of a party before trial, made and served before the action has been commenced by the service of a summons, is without jurisdiction, and cannot be enforced even after a subsequent service of the summons.

The New York superior court, in N. Y. Daily Register, Oct. 17, 1877, decided that, under section 875 of the Code, the service of a copy of the order for the examination of an adverse party before trial, and of the affidavit upon which it was granted, upon the attorney of the party whose examination was desired, was sufficient, without service on the party himself.

Under the former Code, it was held in Plummer *v.* Belden, 8 Hun, 455, that, where a party, who is required to attend for his examination before trial, has appeared in the action by an attorney, notice of the examination should be served upon the attorney as well as upon the party. No express provision is contained in the sections of the former Code for such notice to the attorney, but such a requirement is contained in section 875 of the present Code.

Section 875 of the Code requires that a copy of the order and of the affidavit upon which it was granted must be served upon the attorney for each party to the action in like manner as a paper in the action; and, if the party has not appeared in the action, they must be served upon him as directed by the order. N. Y., L. E. & W. R. R. Co., *v.* Carhart, 36 Hun, 288.

The court in Brokaw *v.* Culver, 23 Abb. N. C. 224, approved the view expressed in Riddle *v.* Cram, 3 Id. 117, n., that service upon the attorney alone furnishes the court with no authority to compel the defendant's attendance by attachment, or to punish him for his non-attendance, but held that the omission to serve personally an order for the examination of a defendant before trial, for the purpose of enabling the plaintiff to frame his pleading, is no reason for setting aside the order; though, if he should neglect or refuse to appear in such case, no proceedings can be taken to enforce obedience to the order.

To subject a party to any punishment for default in appearing in obedience to an order for his examination before trial, it was held in Loop *v.* Gould, 17 Hun, 588, to be necessary that there should be a personal service upon him of the process requiring him to appear and be examined, and that, without such service, the order requiring him to

be examined and directing that, in default of his so doing, his pleading be stricken out, should be vacated.

It was held, in Webster v. Stockwell, 3 Abb. N. C. 115, that, after the defendant has appeared in the action by an attorney, the service of the papers for his examination before trial upon his attorney is sufficient, without service on the defendant himself; and it was so held in Pake v. Proal, 2 Id. 418; and in Thompson v. Sickles, 3 Id. 121, note; but in Riddle v. Cram, 3 Id. 117, note, a service on both the party and his attorney was required, in order to compel his attendance, or to punish him for his non-attendance. The court, in Freiberg v. Braingan, 3 Id. 121, held that an order for the examination of a party before trial cannot be enforced by proceedings for contempt, without personal service of an order or subpœna on the party, and payment or tender of fees. And, where the witness fees had not been paid, either to the attorney on whom the order was served, or to the defendants whom it is proposed to examine, it was held in Wood v. Keal, 3 Id. 122, note, that they cannot be put in contempt for not appearing for examination before trial.

The general term in Mayer v. Noll, 56 How. 214, reversed the special term order upon the ground that the service of the order for the examination of the defendants before trial upon the attorney alone was not sufficient to warrant an order striking out the defendants' answer. Payment of witness' fees to a party who is served personally with an order for his examination before trial, was held in McGregor v. Ball, 7 W. Dig. 312, to be necessary to constitute due service of the order, so as to entitle the moving party to the relief provided for in section 874 of the Code, and the motion made to punish the party for his failure to obey the order was denied.

Before the amendment of 1882 to section 874 of the Code, the authorities were not clear upon the question, whether or not the payment of the fees should accompany the services of the order upon the party to be examined, but the amendment is explicit in its requirement that it should be done at that time.

And where the witness' fees were not paid, a second order was granted in Gawthrop v. Leary, 9 W. Dig. 176, although an appeal was pending from an order denying a motion to set aside the first order.

The court in Dunham v. Mercantile Mut. Ins. Co., *ante*, refused to sustain an order striking out the pleading of a non-resident party, where there was no proof of any notice to him of the order for his examination, or that any order, affidavit or subpœna in respect to it had been served upon him.

An order for the examination of a plaintiff who is a non-resident of the state may be made, but the order, to make it effectual, must be served on the party within the state. Witcher v. Jones, N. Y. Com. Pl., May 9,

1889. But if it appears, at the time the order is returnable, that the party has not come, and is not expected to come, within the jurisdiction, it is discretionary with the court to vacate the order without prejudice to an application for a further order, when he is found or expected to arrive within the state. Id. It may be that where an order has never been revoked by the court which granted it, and is outstanding, it must be observed by the court and the parties in all proceedings dependent upon it. Id.

*Where examined.*—By section 886 of the Code, when a person to be examined before trial, resides in the state, he shall not be required to attend in any county other than that in which he resides, or where he has an office for the regular transaction of business in person. In Gustav *v.* American Steamship Co., 31 Hun, 95, the plaintiff resided in the city and county of New York, and had no office in King's county, but the order for his examination before trial required him to appear in Kings county to be examined : and it was held that the fact that the place of trial of the action is designated to be Kings county does not enlarge the power to require a party to go out of the county of his residence. The section makes no exception in favor of counties in which the place of trial is laid.

This statute was held in March *v.* Woolsey, 14 Hun, 1, to be peremptory, and obviously intended to prevent one party to an action from compelling his adversary to attend, for the purpose of such an examination, out of the county where he resides, or actually transacts business personally, thereby subjecting him to the inconvenience and expense consequent upon going abroad for such purpose. The order in this case was vacated on the ground that the defendant was not a resident of the city and county of New York, where he was by the order required to appear and be examined, but was at the time the order for his examination was made, and for a long period previous thereto, a resident of the county of Kings, and had no office for the regular transaction of business personally in the city and county of New York.

*Stay.*—The court will stay an examination, under order for the examination of a party before trial, pending other proceedings, which may result in dispensing with the necessity of the examination. Wetmore *v.* Hegeman, 3 Abb. N. C. 123. In this case the defendant procured an order for the examination of the plaintiff, to enable him to prepare his answer to a supplemental complaint, and also appealed from the order allowing plaintiff to serve such complaint, and obtained a stay on the appeal, and the examination was suspended.

*Privilege.* It was held in Bailey *v.* Dean, 5 Barb, 297, that a party should not be compelled to disclose facts to enable a plaintiff to sustain an action for slander. See Phœnix *v.* Dupuy, *ante.*

In this case, the New York common pleas vacated an order for the

examination of a defendant in an action for a libel, where it was sought to compel the defendant to disclose whether he published the libel, or enable plaintiff to prove malice or damage.

The fact that the purpose of an examination before trial is to procure evidence of fraud on the part of the defendants who are to be examined, was held in Frothingham v. B., etc., R. R. Co., *ante*, to form no ground for the refusal of the order.

In an action by a judgment creditor to set aside a conveyance and chattel mortgage on the ground of fraud, it was held in Russ v. Campbell, 1 N. Y. C. P. 41, that the defendant cannot be examined, at the instance of the plaintiff. But in Tenney v. Maultner, Id. 64, it was held, in an action to set aside a general assignment for the benefit of creditors on the ground of fraud, that, on the application of plaintiff upon proper proof, the defendant may be examined before trial. And in Andrews v. Prince, 31 Hun, 233; 66 How. 280, where the action rested entirely upon charges of fraud, deceit and fraudulent conspiracy, it was held to be well settled that an order for the examination of a defendant will be vacated when the object of it is to procure testimony to establish the fraud charged.

In Brandon Mfg. Co. v. Bridgman, 14 Hun, 122, the plaintiff procured an order for the examination of the defendant, under section 391 of the former Code, to enable him to frame a complaint, and to ascertain the names of the persons who prepared and procured to be published the libelous advertisements, in order that they might be made parties to the action, and it was held, on appeal therefrom, that an examination cannot be ordered in a case in which the party may refuse to answer the questions, on the ground that they would tend to criminate himself, and that the order should be reversed.

In Canada Steamship Co. v. Sinclair, 3 N. Y. C. P. 284, it was held that the right of a witness to refuse to answer a question which would tend to convict him of a crime, is not sufficient ground for setting aside an order for his examination, unless it appears that the testimony, which the party seeks to obtain, relates exclusively to facts which, if proven, would show that the witness was guilty of a crime. See Russ v. Campbell, *ante*; Tenney v. Maultner, *ante*. The object of the examination in Canada Steamship Co. v. Sinclair, *ante*, was to identify goods stolen from the plaintiff which, it is claimed, came into the possession of the defendant, and it was held that the order to examine the defendant should not be set aside on the ground that the testimony would make him liable to indictment for receiving stolen goods, as his possession is consistent with his innocence, but that the objection should be left to be passed upon on the examination.

It was held in Roberts v. Press Pub. Co., *ante*, that, where all the matters aimed at by the proposed order are such as would

call for an examination as to the commission of a crime, or as to something that is a link in the chain of the proof of a commission of a crime, the judge should set aside the order, under the discretion given to him, on the application of the party. The court referred for this power to the provision of section 873 of the Code, which declares that " where the person to be examined is a party to a pending action, the order may, in the discretion of the judge, designate and limit the particular matters as to which he shall be examined;" and claimed that, apart from this particular clause, it is in every such case within the discretion of the court to set aside an order for the examination of a party, for the reason that such an examination will not produce a result beneficial to the applicant.

In Ball *v.* Evening Post Pub. Co., *ante,* the court held that, if it can be seen that the examination of a party will legitimately embrace nothing except that to which his privilege will apply, the application for the order should be denied; but that the fact that the party may decline, through privilege, to testify in respect to some, and not as to all the legitimate subjects and matters of inquiry, is no reason for not granting the order, for he may be fully protected by asserting his privilege on his examination in respect to all attempted abduction from him of evidence coming within it.

The entire object of the examination in Yamato Trading Co. *v.* Brown, 27 Hun, 248, was to show by defendant and his books that he procured certain property from the plaintiff by means of false and fraudulent representations concerning his circumstances, and the order made in the case for the examination of defendant was held unauthorized, and was reversed.

The action in Andrews *v.* Keen, 4 N. Y. C. P. 330, was one which rested entirely upon charges of fraud, deceit and fraudulent conspiracy, and it was held that, in such an action, an order for the examination of the defendant will be vacated, when the object of it is to procure testimony to establish the fraud charged.

Upon the return-day of an order for the examination of the defendant in Corbett *v.* De Comeau, 5 Abb. N. C. 169, after the service of the summons, but before service of the complaint, the defendant objected to be sworn and moved that the order be vacated, on the ground that he could not be compelled to criminate himself, and it was held that the burden of proof was on the plaintiff to show that there were material matters as to which he could be examined, and that upon his failure to do so, the order should be vacated before the defendant was sworn.

Where an examination of a party before trial will, of necessity, compel a party to invoke the protection of the court, the order therefor should be refused. Walker *v.* Dulevy, 4. N. Y. C. P. 38, note. The examination, in this case was desired, merely to determine the solvency or insolvency of the defendant, and though insolvency is not in

itself criminal, it may furnish a link in the chain of proof to show that defendant has committed a crime, and a question which has this effect is as objectionable as one which invokes direct proof of the criminal act.

If the right to criminal prosecution is barred by the statute of limitations, the plaintiff in an action for libel must answer questions bearing on the issue, though such answers prove the defense of justification and tend to disgrace him. Kinney *v.* Roberts & Co., 17 W. Dig. 75.

On the second appeal in Kinney *v.* Roberts & Co., *ante,* the general term held that the defendant in an action for libel may call plaintiff and examine him as a witness before trial, and the latter must answer all pertinent questions, unless the answers will tend to charge him with a crime or misdemeanor, or expose him to a penalty or a forfeiture.

An order under subdivision 7 of section 872 of the Code, for the examination of a corporation as a witness for its adversary before trial, will not be granted when its evidence will subject it to a penalty or forfeiture. Davis *v.* Lincoln Nat. Bk., 16 N. Y. C. P. 68; Phœnix *v.* Dupuy, *ante;* Brandon Mfg. Co., *v.* Bridgman, 14 Hun, 122; Kinney *v.* Roberts, *ante;* 58 N. Y. 383; Frazer *v.* Davids, *ante;* Walker *v.* Dunlevy, 2 N. Y. C. P. 6. A corporation can only be examined through its officers, directors or agents, and an order for the examination of an officer or agent under said subdivision, when its sole object is to obtain testimony which will subject the corporation to a penalty or forfeiture, should be denied. Davies *v.* Lincoln Nat. Bk., *ante.*

The rule applicable to the granting of an examination of a party before trial in a case involving matters which might subject the party examined to a criminal prosecution, as stated in Mechanical Orguinette Co. *v.* Haynes, 19 W. Dig. 535, is that, where the only material evidence in the case, that can be called out from the party sought to be examined beneficial to the other party must of necessity tend to establish his criminal guilt, the court will not require examination before trial; but where it appears that any testimony material to the case may be given which has not of necessity that tendency, the examination may be had, leaving the party to assert his privilege if he chooses not to answer such questions as have that tendency. In this action, several of the defendants were charged with having obtained property by means of a fraudulent conspiracy, and the plaintiff was held to have a clear right to examine a defendant, to whom it is alleged that such property was transferred with notice or knowledge of such conspiracy, and without consideration, and to establish by his evidence, if possible, any fact showing actual or implied notice of the wrong of his vendors or assignors which at law or in equity tended to impeach his title as a purchaser or assignee, on the ground that it does not follow from this evidence that he was guilty of their misdemeanor consummated some time before.

An order for the examination of a party is not to be refused whenever it appears from the affidavit presented that some of his answers, if favorable to his adversary, will criminate himself or render him infamous. Kinney *v.* Roberts & Co., *ante.* If there are other matters respecting which he is not privileged as a witness, his examination should be ordered and he be left to assert his privilege whenever a question is put to him which trenches upon it. Id. But where it is apparent from the moving papers that every issue, upon which the testimony of the party is shown to be material and necessary, involves matters, and those only, in respect to which he is privileged, no examination should be ordered. Id.

In Brandon Mfg. Co. *v.* Bridgman, *ante*, an action was brought to recover damages for injuries to plaintiff's business occasioned by libelous publications made by defendants as advertising agents for some persons unknown. Plaintiff procured an order for the examination of defendants, to enable him to frame a complaint, and to ascertain the names of the persons who prepared and caused to be published the said advertisements, in order that they might be made parties to the action, but the court reversed the order, holding that an examination could not be ordered in a case in which the party might refuse to answer all the questions to be put, on the ground that they would tend to criminate himself.

The plaintiff in an action for libel was allowed, in Funk *v.* Tribune Association, 4 N. Y. C. P. 408, to be examined before trial as to the truth of the alleged libel, where such examination would not subject him to a criminal prosecution, or to a penalty or forfeiture, or render him infamous. The application to vacate the order was denied, and the plaintiff ordered to submit to the examination with the limitation that no question, the answer to which will so affect him, will be allowed, without requiring him to plead his privilege as an excuse for not answering.

It was also held in Davenport Glucose Mfg. Co. *v.* Taussig, *ante*, that an order for the examination of defendants before trial will be granted in an action to recover personal property from vendees who induced the sale by frandulent representations, where questions may be asked which they will be bound to answer if called upon the trial, and that the fact that some questions, which they are not bound to answer, may be put, furnishes no good reason for holding that a party cannot be examined at all in an action of this kind.

In Davenport Glucose Mfg. Co. *v.* Taussig, 33 Hun, 32, 6 N. Y. C. P., 152, it was held, that the assignee of fraudulent purchasers, who was not sought to be charged with fraudulent conduct, may be examined as to when and where he received the property, and to what account, and to prove whatever might be necessary, touching the assignment

to him of the goods by the other defendants and the disposition that may have been made thereof.

The fact that questions may be put, on an examination of a party before trial, which will tend to criminate the witness, furnishes alone no ground for a refusal of the order. Greesmann v. Dreyfus, 4 N. Y. C. P., 32.

An action was brought, in Sprague v. Butterworth, 22 Hun, 502, to recover the price of a number of bales of rags, in which the defense was set up that the sale was fraudulent and void, and defendant desired to examine the plaintiff, in order to prove the contents of the bales not yet opened, and to prove the fraudulent and deceitful packing and arrangement thereof, and to prove plaintiff's knowledge of and connection with such frauds, and it was held that an order for the examination of the plaintiff was properly granted on the ground that there may be proper inquiries which he cannot refuse to answer. The court, in sustaining the order, repudiated the idea that a party can be required to submit to an examination, the tendency of which will be to criminate or degrade him, or to subject him to a penalty or forfeiture.

An order requiring the appearance and directing the examination of the defendant as a witness before trial is improperly made, where his examination would tend to establish the commission of some criminal offense by him. Davies v. Fish, 35 Hun, 430; Yamato Trading Co. v. Brown, 27 Id. 248; Andrews v. Prince, 31 Id.; 233; Corbett v. DeComeau, 5 Abb. N. C. 169. In the case first above cited, the action was brought by the receiver of the firm of Grant & Ward against James D. Fish and others, to recover moneys withdrawn from such firm dishonestly by said defendant, etc., and it was held that he was not privileged, in an examination before trial, from answering.

As a witness, any questions which might be put to him for the purpose of ascertaining whether he did, in fact, draw moneys from the firm which he was not entitled to receive, and appropriated such moneys to the purchase of, or invested them in, property which it is the object of the action to proceed against and apply to the extinguishment of the liabilities of the firm, on the ground that these acts did not create a criminal offense under the laws of the state.

The defendant in an action for libel, in Corbett v. Comeau, 54 How. 506, was ordered to be examined, as the court held that the objection of privilege was prematurely made on the motion, and that the defendant could only avail himself of it when questioned as to the publication of the libel. The report does not show whether the publication of the libel was the only fact sought to be proved by the plaintiff on the examination. If not, the decision may be sustained on that ground; but otherwise it does not accord with the intent of the Code. This case was reversed on appeal. See 5 Abb. N. C. 169.

In Batterson *v.* Sanford, *ante*, it was held that an objection to giving evidence that might tend to criminate the witness should be heard and passed upon in the examination itself, and that it was not sufficient ground for setting aside the order for an examination.

In Greismann *v.* Dreyfus, *ante*, which was an action brought to recover damages for negligence causing the death of plaintiff's husband, the defendant objected to being sworn and examined before trial on the ground that, as negligence was now punishable as a crime, he could not be compelled to criminate himself, and it was held that the possibility that questions, the answers to which would tend to criminate the witness, might be put, affords no ground for refusing the order, and that the objection was premature and invoked, as against the entire examination, a personal privilege which could be urged only against specific questions.

The fact that, as to some of the matters to which the examination is expected to be directed, the defendant will not be obliged to answer, was held in Fogg *v.* Fisk, 30 Hun, 61, to be no ground for denying the application, as the court can, when the examination is taken, afford the witness the protection to which he is entitled. See McGuffin *v.* Dinsmore, *ante*.

An objection was taken, in Edison Mfg. Co. *v.* Hazard, N. Y. Super. Ct. April 10, 1890, to the order for defendant's examination, on the ground that the proposed examination might call for testimony that could be used to subject him to a statutory penalty, and it was held that any claim to such privilege can be best determined upon the examination when his right will be protected.

*Production of books, etc.*—It was held in Parsons *v.* Belden, 9 Abb. N. C. 54, that upon an examination of a party before trial, he may be compelled, under the order of the court, to produce all books and papers as fully as though the examination was had at the time of the trial, but not by the service upon him of a subpœna *duces tecum* with the order of examination.

But in Smith *v.* McDonald, 1 Abb. N. C. 350; 50 How. 519, in the New York superior court, it was held that a party examined before trial, under section 390 and 391 of the former Code, may be required by subpœna *duces tecum* to produce books and papers, but they will be used upon the examination in the same way only, as though so produced on his examination as a witness at the trial. See Valentine v. Deckman, 24 How. 222; Central Nat. Bk. *v.* Arthur, 2 Sweeney, 194; Same *v.* White, 37 Super. 297.

In the supreme court, first department, in Martin *v.* Spofford, 3 Abb. N. C. 125, it was held that a party to an action will not be compelled to produce his books and papers by subpœna *duces tecum*, while under examination as a witness before trial, under section 873 of the Code; see Hansman *v.* Sterling, 61 Barb, 347; Havemeyer *v.* Ingersoll, 12 Abb. N. S. 301.

The common pleas, in De Bary v. Stanley, 5 Daly, 412, followed the same rule under the former Code.

In Morrison v. McDonald, 9 Abb. N. C. 57, note, it was held that where the party under examination before trial voluntarily refers to the contents of his books, he can be compelled to produce them or to state their contents.

Under sections 853 and 874 of the Code, a party under examination before trial may be compelled to produce a paper under his control when he swears that he cannot answer a question without referring to it. Ahlymeyer v. Healy, N. Y. Com. Pl., December 5, 1887.

The amendment of 1880 was intended simply to supply a defect in the law as it then existed, in reference to the examination of parties before trial, by which the officers and directors of a defendant corporation might be examined and compelled to produce such books and papers of the corporation as would aid them in giving their testimony, precisely the same as individuals theretofore were compelled to appear and testify. Frothingham v. B., etc., R. R. Co., ante.

Under subdivision 7 of section 872 of the Code, the order for the examination of the officers of a corporation shall direct the production of books and papers, as to the contents of which the examination or inspection is desired. Talbot v. Doran & Wright Co., 30 ante. This section applies to an examination depending upon or auxiliary to oral examination, and in such a case the practice as to inspection of books and papers under section 805 does not apply. Id.; Levey v. N. Y. C. & H. R. R. R. Co., 53 N. Y. Super. 263.

Where the books of a corporation have been so kept that an inspection thereof can be of no assistance without an examination of its officers, it was held in Talbot v. Doran £. Wright Co., ante, that this was sufficient to bring the case within subdivison 7 of section 872 of the Code.

In Black v. Curry, 1 N. Y. C. P. 193, it was held that, on the examination of a party before trial, the court has no power to compel a discovery of books and papers ; but if he is unable to testify to the facts in such examination without refreshing his memory from such books and papers, they may be produced to be used, not as papers presented for inspection, but in aid of the memory of the witness, to the end that his testimony may be taken before the trial, as fully as he might be required to give it on the trial itself.

In an action against a national bank and others to set aside certain bonds, no order for the examination of the bank was asked for or made, or facts stated which rendered it necessary, but an order was obtained for the examination of the officers of the bank who had not been made parties, and it was held in Town of Hancock v. First Nat. Bk., 17 W. Dig. 282, that no right was shown to examine them as

Note on Examination of Parties before Trial.

officers of the bank, nor could they be examined as parties to a pending suit or as expected parties to one contemplated to be brought; but they must be treated merely as witnesses.

It was held in McGuffin *v.* Dinsmore, *ante,* that a party, whose examination before trial, at the instance of an adverse party, is ordered, may be required to produce, upon such examination, any book or paper in his possession, or under his control, containing evidence pertinent or material, either by the order of a court or judge, or by a subpœna *duces tecum;* but that the production of books and papers, either under order or subpœna, does not entitle the adverse party to a discovery of their contents, nor to inspect or examine them, nor conduct the examination of the party whose deposition is to be taken, with respect to them, otherwise than in accordance with the established rules and practice applicable to similar examinations of a party or witness at the trial.

In N. Y., L. E. & W. R. R. Co., *v.* McHenry, 26 W. Dig., 498, where an action was brought for a balance of account, which must necessarily depend upon the state of the accounts between the parties, the exact amount of which is unknown to the defendant, the defendant was permitted to examine certain officers of the plaintiff, to obtain information for the purpose of preparing his answer.

In Frothingham *v.* B. etc. R. R. Co., *ante,* it was held that, where in an action against a corporation, an examination before trial of its officers as such is ordered, the production of its books and papers may be required, in order to aid them in giving their testimony.

In Fenton *v.* Dempsey, Super. Ct., N. Y. Co. Sp. T., October 21, 1887, it was held that the treasurer of a defendant corporation may be directed by an order for the examination before trial of such defendant, to appear on its behalf and be examined as a witness, and produce certain books kept by said defendant, not necessarily for inspection, but in order that the witness, by reference to them, may testify as the order directs.

*Waiver of certification and filing.*—Section 880 of the Code declares that the deposition when completed must be read to, and subscribed by, the party examined and must be certified by the judge or referee taking it, and within ten days after filed in the office of the clerk. Mayer *v.* Ehrlich, 33 Hun, 1. This provision in reference to the filing of the deposition may be waived by the adverse party, and is waived by securing the right of cross-examination at any time upon notice, which rendered it perfectly justifiable to withhold the deposition from the files of the court. Id. The use of the deposition is not absolutely prohibted, either expressly or impliedly by any of the sections of the Code, for the reason that it is not certified, but the provision of the statute as to certification and filing are safeguards created for the benefit of the advrse party, and as such can be waived. Id.

Note on Examination of Parties before Trial.

*Second order.*—It appeared in Dambmann v. Butterfield, 15 Hun, 495, that the defendant had once been summoned on a similar order, and examined and dismissed by plaintiff's attorney, after several adjournments, from further attendance, and it was held that a second order for his examination should not have been made, without showing to the court that some new facts had been developed requiring his further examination, either because of material omissions in the former examination, or that his examination had become important upon new questions. After one examination has been had under such an order, the court should not permit another without special grounds shown.

*Examination at the trial.*—The Code does not, by any of its provisions, preclude a party, who has examined his adversary in an action before trial, from calling him at the trial as a witness, especially when the object of so doing is declared to be to prove additional facts about which he was not examined, and to ask questions inadvertently omitted to be asked on the examination. Berdell v. Berdell, 27 Hun, 24. Where an examination taken out of court has been read upon the trial by the party in whose favor it was taken, he may be precluded from further examination upon the subjects embraced in the deposition. Id. And even in such case, the court said in Wilmont v. Meserole, 40 N. Y. Super. 321, that the party would be at liberty to examine as to new matter, or as to matters which, by inadvertence, had been omitted. Id. But when such examination is not used, or sought to be used, by the adverse party, the Code does not prohibit the calling of the examined party as a witness on the trial in court for a general examination, and especially for an examination as to new matter, or as to subjects omitted inadvertently. Id.

And it was held in Misland v. Boynton, 79 N. Y. 630, aff'g, S. C. 14 Hun, 625, that where a deposition of a party, taken before trial, is read thereon without objection, he is thereby precluded from being examined on the trial.

In Jordan v. Jordan, 3 N. Y. S. C. 269, it was held that if the party at whose instance the deposition of an adverse party had been taken failed to use it, the latter might then read it.

And where a party examines the adverse party before trial, he makes him his witness to prove his cause of action, and subject to the same rules, restrictions and tests which apply to other witnesses. Id.

Where, in an action against administrators, the latter procured an order for the examination of plaintiff before trial, in relation to personal transactions between him and defendants' intestate, it was held in Hubbard v. Nearpass, 52 Hun, 614, that it was within the power of the court to impose, as a condition to the granting of the order, that the deposition so taken may be read by the plaintiff, in case defendants fail to read the same.